### COMMONWEALTH *vs.* WILLIAM A. PEASE.

At the trial of an indictment on the Gen. Sts. *c.* 87, §§ 6, 7, for maintaining a tenement for the illegal sale and keeping of intoxicating liquors, the defendant having contended that he used the liquors in the manufacture of "S.'s Bitters," the Commonwealth introduced evidence that S.'s Bitters were intoxicating. One of the witnesses for the Commonwealth testified on cross-examination that S.'s Bitters were a well known medicine, which he had known for many years; and that some years since he was employed by S., the proprietor of these liquors, in putting them up for sale. *Held,* that the refusal of the judge to allow the defendant to ask the witness the question, "What proportion of intoxicating liquor did these bitters contain?" was a good ground of exception.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement for the illegal sale and keeping of intoxicating liquors.

At the trial in the Superior Court, before *Allen,* J., the Commonwealth introduced evidence tending to show that the defendant was an apothecary in New Bedford; that he kept intoxicating liquors in his shop, and also in a building in the rear of the shop, and that sales were made in the shop; and it contended that the liquors in the rear building were intended for sale in the shop. The defendant having contended that the liquors in the shop were

intended for compounding medicines, and those in the rear building for manufacturing " Sweet's Bitters," the Commonwealth introduced evidence that " Sweet's Bitters" were intoxicating. One of the witnesses for the Commonwealth testified, upon cross-examination, " that he knew the article known as ' Sweet's Bitters ; ' that it was a well known article of medicine kept for sale by apothecaries, grocers and others ; that he had known of these ' Bitters ' for many years ; and that some years since he was employed by Dr. Sweet, the proprietor of these ' Bitters,' in putting them up for sale." The defendant then asked him, this question, " What proportion of intoxicating liquor did these ' Bitters ' contain ? " The district attorney objected to the question, and the judge excluded it. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*H. M. Knowlton,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth. Evidence as to the proportion of intoxicating liquor contained in the bitters prepared for another person " some years since " was properly excluded. *Hutchinson* v. *Methuen,* 1 Allen, 33. *Commonwealth* v. *Shaw,* 4 Cush. 593. *Commonwealth* v. *Savory,* 10 Cush. 535.

COLT, J. This indictment is for keeping a liquor nuisance. Gen. Sts. c. 87, §§ 6, 7. It was claimed by the defendant that the liquors found were intended by him for the manufacture of " Sweet's Bitters." And this ground of defence was so far regarded as material by the government that evidence for the prosecution was produced that " Sweet's Bitters " was in fact intoxicating, with the purpose no doubt of showing that its manufacture was a mere evasion, and that the article itself must be regarded as intoxicating liquor within the meaning of the law.

Upon this state of the case, a majority of the court are of opinion that on a cross-examination of the witness for the prosecution, the defendant had a right to inquire what proportion of intoxicating liquor the article in question did contain. The interrogatory was made relevant and material by the course of the trial. After an attempt had been made to show that it was intoxicating, the defendant should have been permitted to show the contrary.

The knowledge which the witness had upon the subject does not seem to us to have been so remote or uncertain as to justify its exclusion on that ground. It appears to have been a well known article of medicine kept for sale by apothecaries, grocers and others; the witness had known it for many years, and some years since had been employed by Dr. Sweet, the proprietor, in putting it up for sale. This is sufficient, in the absence of any suggestion that there had been a change in the ingredients of the article in kind or quality, to give the testimony weight and importance in its bearing upon the issue; and because of its rejection the *Exceptions are sustained.*