JOSEPH S. JONES *v.* CHARLOTTE E. SMITH.

Hampshire.   Sept. 20. — 21, 1876   COLT & MORTON, JJ., absent.

It is within the discretion of the judge presiding at a trial to admit, as secondary evidence, a copy of a letter mailed to the husband of one of the parties, there being some other evidence that he was her agent.

In an action for breach of a contract to support a person, the amount of the income of such person is immaterial, and the regulation of his cross-examination on that subject is within the discretion of the presiding judge.

Where the competency of testimony depends upon the state of the whole evidence at the time it is offered, which was before the court below, and is not before this court, no exception lies to the admission thereof, if the excepting party fails to disclose enough of the case to show that it was incompetent.

WRIT OF ENTRY to foreclose a mortgage, given by the tenant to secure the performance of a contract by herself and her husband to support and furnish suitable clothes to the demandant. Plea *nul disseisin.*

At the trial in the Superior Court, before *Wilkinson,* J., the demandant testified that he made a request of the tenant for clothing, and that she referred him to her husband.   He then offered in evidence a copy of a letter, containing a request for clothing, addressed to the husband of the tenant, the original of which he said he posted, addressed to the husband at Springfield. It was already in evidence that the defendant and her husband, when the contract was made, resided at Westfield; no question was made as to notice having been given to the tenant to produce the letter; but the tenant objected to the admission of the copy, and offered to prove that her husband did not reside in Springfield when the letter was sent, but did reside in Westfield, and that he never received the original of the letter.   The judge refused to hear the tenant's evidence on this point, and admitted the copy in evidence, the demandant testifying that the tenant went to Springfield several times, during the existence of the contract, to see her husband.   The husband was in court, but was not called by the demandant to produce the original letter, nor to testify as to having received it.   The demandant also testified, before said letter was admitted, that A. C. Smith, the husband, lived in Springfield when the letter was mailed, and that the tenant told him so.   The judge ruled also that the tenant might

introduce any evidence in the course of the defence as to the residence of her husband, and instructed the jury that they were not to consider the letter unless satisfied the same was received by him.

The tenant, in cross-examination of the demandant, inquired what income he had from property not described in the mortgage and contract. The demandant declined to answer unless the judge should so order. The tenant insisted on her right to the evidence, but the judge ruled that the demandant need not answer unless he chose, and that the tenant might have the benefit of his refusal. The demandant thereupon refused to answer. The demandant alone testified as to the value of the property conveyed to the tenant, which he said was $6000, and the demandant did not claim he had any other income or property, or that his accustomed style of living was or had been beyond that of persons of that fortune in the place where he lived.

The demandant was permitted to prove by one Hunter, that in January, 1875, the witness was in the demandant's store one evening at about eight o'clock, and demandant gave him ten cents, and he, at the demandant's request, went out and bought a pound of crackers and gave them to the demandant, who toasted them on the stove and ate them as if he was hungry. The tenant objected to the admission of this testimony, and it was admitted subject to her objection. No evidence was offered as to whether the demandant had been to the house for his meals that day or not. The jury returned a verdict for the demandant; and the tenant alleged exceptions.

*A. L. Soule*, for the tenant.

*G. M. Stearns*, for the demandant.

BY THE COURT. It may be doubted whether the objection made in argument to the copy of the letter, for want of proper foundation being laid for the admission of secondary evidence, is open on the bill of exceptions. But, assuming it to be open, there was some evidence that the husband was the agent of the tenant, his wife, and there is nothing in the exceptions to show that the judge did not admit the copy on that ground, or that he made any error of law in admitting it.

The amount of the income of the demandant was immaterial upon the question whether the tenant had performed her

contract to support him, and the regulation of the cross-examination was within the discretion of the presiding judge.

Whether the testimony of Hunter was competent depended upon the state of the whole evidence at the time it was offered, which was before the court below, and is not before us. The excepting party has not disclosed enough of the case to show that this testimony was incompetent.

*Exceptions overruled.*