BENJAMIN D. PETERSON & another *vs.* HARRISON LORING.

Suffolk. March 14. — Sept. 7, 1883. DEVENS & W. ALLEN, JJ., absent.

A consignee of a cargo of coal cannot be held as trustee of the master of the vessel upon a writ served before the entire cargo has been delivered, although, by the terms of the bill of lading, the consignee is to pay freight at a certain rate per ton.

COLBURN, J. This is an action of *scire facias*, brought under the Gen. Sts. *c.* 142, § 39. The defendant was summoned in the original suit, as trustee of one Clark, answered, and was examined in writing, and certain facts were agreed in writing in that suit; and he was charged generally as trustee, no sum being specified. In his answer in this suit, the defendant stated no additional facts, but referred to his answer, examination and other papers filed in the original suit.

The original suit and this suit are parts of one continued and connected course of proceedings. *Fay v. Sears*, 111 Mass. 154. The answer and examination of the trustee, and the agreed facts, are part of the record. By these it appears that Clark was master of the schooner John Wentworth, and was sailing the vessel on shares; that he had on board of said schooner a cargo of one hundred and ninety tons of coal, which by the bill of lading he had promised to deliver at South Boston, "unto Harrison Loring, or to his assigns, he or they paying freight for the same at the rate of one $\frac{25}{100}$ dollars per ton." At the time of the service of the trustee writ upon Loring, on Saturday, March 13, 1880, the schooner was at his wharf discharging this cargo of coal, and at that time had discharged seventy tons. The balance was discharged on Monday, March 15; and on Tuesday, March 16, the defendant paid Clark the entire amount of the freight.

The facts being settled, and appearing on the record, the only question is one of law upon the facts.

The contract was entire, though the freight was to be paid for at a certain rate per ton.

The freight was not due until the whole cargo had been delivered. Angell on Carriers, § 282, and cases cited. 3 Kent Com. 219, 228, and note.

The master might have demanded payment of the freight, and, if payment was refused, might have retained the coal under his right of lien, but could have maintained no action at law until he had delivered the entire cargo.  It follows that, at the time of the service of the trustee writ, nothing was due from the trustee to the principal defendant.

*Judgment for the defendant.*

*W. C. Williamson*, for the plaintiff.
*J. W. Rollins*, for the defendant.