## COMMONWEALTH *vs.* THOMAS SALMON.

Middlesex. January 9. — 30, 1884. DEVENS & HOLMES, JJ., absent.

A license to a common victualler, to sell intoxicating liquors to be drunk on the premises, is no defence to a complaint for exposing and keeping for sale intoxicating liquors with intent unlawfully to sell the same in this Commonwealth, if the licensee keeps a public bar, or maintains a partition which interferes with a view of the interior of the premises, in violation of the Pub. Sts. c. 100, § 9, cl. 5, and § 12; and of the St. of 1882, c. 259, § 1.

No exception lies to the admission of evidence, although, standing by itself, it does not appear to have been admissible, if the bill of exceptions fails to disclose sufficiently the state of the evidence, at the time the evidence objected to was admitted, to show that it was improperly admitted.

COMPLAINT to the Fourth District Court of Eastern Middlesex, for exposing and keeping for sale intoxicating liquors, on January 23, 1883, at Woburn, with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

It appeared that the defendant had a license as a common victualler; and that, upon application to the selectmen of Woburn, they, on May 4, 1882, granted him a license of the first class, to sell intoxicating liquors to be drunk on the premises.

There was evidence tending to show that sales of intoxicating liquors were made by the defendant, on the day named in the complaint, on the premises described in said license, and evidence tending to show the condition, arrangement, and contents of the licensed premises on that day; also evidence tending to show that the defendant, on said day, kept a public bar on the licensed premises, and that he maintained a partition which interfered with a view of the interior of said premises.

The government offered evidence to show the condition and arrangement of the licensed premises on February 15, 1883, which was admitted, against the defendant's exception. The defendant justified under his license.

The judge instructed the jury, that if they found that, at the time and place alleged in the complaint, the defendant, although having a license to sell liquors of any kind to be drunk on the premises, in keeping and selling such liquors on such premises kept a public bar, or placed or maintained a partition upon the licensed premises in such a way as to interfere with a view from the outside of the premises of the business conducted thereon, the defendant might be found guilty upon this complaint, under the provisions of the Pub. Sts. c. 100.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. B. Gale & J. G. Maguire*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

COLBURN, J.   The license held by the defendant was upon the condition that he should not keep a public bar, Pub. Sts. c. 100, § 9, cl. 5; and, by the provisions of § 12 of the same chapter, as amended by the St. of 1882, c. 259, § 1, if he maintained a partition which interfered with a view of the interior of the licensed premises, this of itself made the license void. If the evidence disclosed the fact that, in exposing and keeping intoxicating liquors for sale, the defendant kept a public bar, or maintained such a partition, his license would be no justification of such exposing and keeping for sale; and the instructions to the jury were right.

It does not appear by the exceptions for what purpose the evidence objected to was admitted.   Standing by itself, it does not appear to have been admissible; but in connection with other evidence, or in contradiction of other evidence, it may have been admissible.   The defendant has not in his exceptions disclosed sufficiently the state of the evidence in the case, at the time the evidence objected to was admitted, to enable us to say that it was improperly admitted.   *Jones* v. *Smith*, 121 Mass. 15.

*Exceptions overruled.*