## COMMONWEALTH *vs.* AUGUSTUS F. MEAD.

Essex.　November 4. — 5, 1885.　FIELD & DEVENS, JJ., absent.

At the trial of a complaint for keeping intoxicating liquors with intent unlawfully to sell the same, there was evidence tending to show that the house in which the defendant lived was a place of common resort for persons who did not live there; that persons under the influence of liquor were seen to come from the house, especially on Sundays; that, at the time officers searched the premises, a large number of men were found therein, one of whom was intoxicated; that there were signs of the recent drinking of beer in the house, and there was a pile of sawdust wet with beer; and that, about three weeks previously, the defendant was engaged in receiving and laying in a stock of beer, or of some kind of liquor. *Held*, that it could not be said, as matter of law, that the evidence was not sufficient to justify a verdict of guilty.

COMPLAINT for keeping, on June 7, 1884, at Danvers, intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*F. L. Evans*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

BY THE COURT. There was evidence tending to show that the house in which the defendant lived was a place of common resort for persons who did not live there; that persons under the influence of liquor were seen to come from the house, especially on Sundays; that, at the time the officers searched the premises, a large number of men were found therein, one of whom was intoxicated; that there were signs of recent drinking of beer in the house; and that there was found a pile of sawdust wet with beer, indicating that beer had been voluntarily spilled upon it. There was also evidence, which was clearly competent, that, less than a month before the visit of the officers, the defendant personally was engaged in receiving and laying in a stock of beer, or of some kind of liquor, in the evening of May 18, 1884.

We cannot say, as matter of law, that all the evidence was not sufficient to justify the jury in finding that the defendant kept intoxicating liquor with intent to sell it.

*Exceptions overruled.*