## COMMONWEALTH *vs.* WALTER H. LEIGHTON.

Middlesex. November 23. — 28, 1885. Devens & Gardner, JJ., absent.

At the trial of a complaint for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, it appeared that the defendant was a licensed innholder, and also had licenses of the first and fourth classes to sell intoxicating liquors. A witness, who lived opposite the defendant's hotel, testified that he had seen many people go in and come out of the hotel every day, mostly on Sunday, and once he had counted fifty persons go into the hotel in one hour; that he saw many drunken people about the place; that, on one occasion, he saw some men come out of the hotel, making considerable noise, and engage in a quarrel in the street near the hotel; that on Sundays he had seen many persons going over a passageway toward the rear of the hotel, in which the bar-room was situated, but he could not tell whether they entered the hotel; that on Sundays he had seen people go in and come out of the hotel drunk and fighting; and that he saw the defendant there at various times. *Held*, that there was evidence, proper to be submitted to the jury, tending to show that the defendant illegally sold intoxicating liquors on the Lord's day to persons who were not guests.

Complaint to the Police Court of Marlborough, for keeping and maintaining a common nuisance, to wit, a certain tenement in Marlborough, used for the illegal sale and illegal keeping of intoxicating liquors, on September 8, 1884, and on divers other days and times between that day and January 20, 1885. Trial in the Superior Court, before *Gardner*, J., who allowed a bill of exceptions, in substance as follows:

The defendant was a licensed innholder, and justified under licenses of the first and fourth classes to sell intoxicating liquors, duly issued to him by the selectmen of Marlborough.

There was evidence tending to show that the defendant's tene- ment consisted of a building used as a hotel, situated on the northerly side of Lincoln Street, in Marlborough, and abutting on the sidewalk; that the office and bar-room were both in the westerly end of the hotel, the latter being in the rear of the former, and having an entrance from the rear of the hotel as well as from the office; that there was a wide passageway or carriage- way leading northerly from Lincoln Street past the end of the hotel in which the office and bar-room were located, to dwelling- houses and a livery stable in the rear of the hotel; that the livery stable was frequented by many people who used said passage- way in order to go from Lincoln Street to the stable; and that Lincoln Street was a thoroughfare over which people were con- stantly travelling, in teams and on foot.

One James E. Doak testified that he knew the defendant; that he was the proprietor of the hotel during the time covered by the complaint; that the witness lived opposite the hotel during that time; that in the bar-room he had seen a bar with the usual paraphernalia for keeping and selling intoxicating liquors; that there was a fence of wooden pickets running around the outer edge of the top of the bar and extending nearly to the ceiling, so that the bar could not be used for the delivery of articles therefrom; that the bar was open at the sides for the proprietor to go in and out; that there was a table in front of the bar; that he had seen many people go in and come out of the hotel every day, mostly on Sunday, and once he had counted fifty persons go into the hotel in one hour; that he saw many drunken people about the place; that, on one occasion, he saw some men come out of the hotel, making considerable noise, and engage in a quarrel in the street near the hotel; that on Sundays he had seen many persons going over the passageway above described toward the rear of the hotel, but could not tell whether they entered the hotel, and on Sun- days he had seen people go in and come out of the hotel drunk and fighting; and that he saw the defendant there at various times.

Hiram T. Bean testified that he lived in Marlborough, and thought he had visited the hotel during the period of the complaint, to get meals ; that he had seen the defendant about the premises some of the times that he went there ; that the witness ordered intoxicating liquor with his meals, and both were served to him in the dining-room and in the kitchen, and he paid for the same ; that he never received, during the period of the complaint, intoxicating liquors at the hotel except in connection with food; and that he had seen other persons drink at the hotel, and the liquors were served to them at the tables, and not from the bar.

The government contended, that the defendant's license was no justification, because, first, the defendant kept a public bar ; secondly, because there was disorder permitted by the defendant on the licensed premises; and thirdly, because the defendant illegally sold liquor on the Lord's day.

The defendant asked the judge to rule, that, upon all the evidence, there was no competent evidence upon which to find the defendant guilty of the offence set forth in the complaint; but the judge refused so to rule, and submitted the case to the jury, under instructions which were not excepted to.

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*W. B. Gale & J. W. McDonald*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

BY THE COURT. There was evidence, proper for the consideration of the jury, tending to show that the defendant illegally sold intoxicating liquors on the Lord's day to persons who were not guests. The court properly submitted the case to the jury. *Exceptions overruled.*