COMMONWEALTH *vs.* SAMUEL CHADWICK.

Worcester.    October 4. — 23, 1886.    DEVENS & W. ALLEN, JJ., absent.

A complaint alleged that the defendant, at a time and place named, sold intoxicating liquor "without any authority therefor." At the trial, a witness for the government testified that he knew where the defendant kept a place, and that he saw a sale of liquor there after eleven o'clock in the evening of the day in question, but that he could not identify the defendant. It was admitted that the defendant was the proprietor of the place where the sale was made, and had a license of the first class, under the Pub. Sts. c. 100, to do business thereat. The government rested its case; and the defendant asked the judge to rule that there was no evidence upon which the jury could find the defendant guilty. The judge refused so to rule, and ruled that there was such evidence. The defendant then introduced evidence tending to show that no sale was made after eleven o'clock. There was evidence tending to show that the defendant kept a public bar; and that the sale testified to was made over said bar. The defendant repeated his previous request for a ruling, which was again refused; and the judge instructed the jury that the alleged sale must have been made by the defendant, or under his sanction or authority, and that, if so made after eleven o'clock at night, or if so made over a public bar before that hour, they might find the defendant guilty. *Held*, that the defendant had no ground of exception.

COMPLAINT to the Second District Court of Eastern Worcester, alleging that the defendant, on July 5, 1886, at Clinton, "without any authority therefor," sold intoxicating liquor to a person unknown. Trial in the Superior Court, on appeal, before

*Blodgett*, J., who allowed a bill of exceptions, in substance as follows:

The government called one Kenney as a witness, who testified, in substance: "I know where the defendant keeps a public place on Main Street in Clinton. I was there on July 5, and I saw liquor sold there on that day between eleven fifteen and eleven thirty, P. M. I did not go in. There was a wire screen door through which I looked. The lights were a little dim. Three men stood in front of the bar, one man leaning on the bar. This man called for lager beer. The man behind the bar furnished it, and it was paid for."

On cross-examination, the witness testified that he saw one of the men before the bar take money out and lay it on the counter; that at least it looked like money and sounded like it; that he was about twenty feet away, and knew none of the parties; that he did not know, and could not identify, the defendant; that the sale he testified to in the lower court was the same sale, and was a sale made after fifteen minutes past eleven on the night in question; and that, at said trial, there was no evidence of any other sale.

It was admitted that the defendant was the proprietor of the place where the sale was alleged to have been made, and had a license of the first class, under the Pub. Sts. c. 100, to do business thereat.

The government rested its case; and the defendant asked the judge to rule that there was no evidence upon which the jury could find the defendant guilty. But, the judge refused so to rule, and ruled that there was such evidence.

The defendant offered the evidence of himself and other witnesses tending to show that he was at said place of business during the evening in question, but that, at eleven o'clock, he himself extinguished the lights therein and closed and locked the door thereof; that he did not open or enter the saloon again that night, or know that it was so entered or opened; that he had no agent or servant authorized so to do; and that he sat at said door for a long time after eleven o'clock.

There was evidence tending to show that the defendant kept a public bar; and that the sale testified to by Kenney was made at and over said bar.

The defendant asked the judge to rule that there was no evidence in the case which would warrant the jury in finding the defendant guilty of an illegal sale of intoxicating liquor, as alleged. But the judge refused so to rule.

In the course of his argument, the district attorney contended that, if the jury found that the witness Kenney was mistaken as to the time of the sale to which he testified, they might find such sale to have been made before eleven o'clock, and that the defendant kept a public bar, and was therefore guilty.

The judge instructed the jury that the sale alleged must have been made by the defendant, or under his sanction or authority; and that, if so made after eleven o'clock at night, or if so made over a public bar before that hour, they might find the defendant guilty.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Corcoran & H. Parker*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

FIELD, J. The defendant's license was subject to the conditions, that " no sale of spirituous or intoxicating liquor shall be made between the hours of eleven at night and six in the morning; nor during the Lord's day, except," &c.; and that he " shall not keep a public bar." Pub. Sts. c. 100, § 9, cl. 2, 5. St. 1885, c. 90, § 1.

The government's witness testified that the sale he testified to in the lower court was the same sale he testified to in the Superior Court; but the defendant's evidence tended to show that no sale was made after eleven o'clock. Whether the sale was made before or after eleven o'clock at night, it was the same sale which was put in evidence in both courts, and it was equally an offence, whether, in making this sale, the defendant violated one or two of the conditions of his license. The defendant was charged with selling, on July 5, 1886, intoxicating liquor, " without any authority therefor." The form of the complaint was sufficient, because, if the defendant sold the liquor over a public bar, or after eleven o'clock at night, his license did not give him any authority to make such a sale. *Commonwealth* v. *Davis*, 121 Mass. 352. *Commonwealth* v. *Rogers*, 135 Mass. 536. *Commonwealth* v. *Salmon*, 136 Mass. 431. *Commonwealth* v. *Everson*, 140 Mass. 292.

The presiding justice. was not required to rule upon the government's evidence, if the defendant intended to introduce other evidence; and no exception lies to the refusal to rule that the evidence of the government was insufficient, if other evidence was afterward offered by the defendant. But the court also ruled that there was evidence introduced by the government upon which the jury could find the defendant guilty. The admission by the defendant that he was the proprietor of the place, and had a license of the first class " to do business thereat," and the testimony that the defendant kept the place, were evidence for the jury that sales made in it were made by him or by his authority. *Commonwealth* v. *Mead*, 140 Mass. 300. *Commonwealth* v. *Leighton*, 140 Mass. 305.  *Exceptions overruled.*