### COMMONWEALTH *vs.* JAMES O'DONNELL.

Suffolk.    Nov. 22, 1886. — Jan. 4, 1887.    HOLMES & GARDNER, JJ., absent.

At the trial of a complaint for unlawfully exposing and keeping for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth, the government introduced evidence tending to show that, on the day named in the complaint, an officer seized upon the defendant's premises, under a search-warrant, certain beer, being a sample from a barrel on draught; that said beer contained more than three per cent of alcohol; and that the defendant exposed and kept the same for sale. The defendant, admitting that he kept the beer for sale, introduced evidence tending to show that the beer did not contain more than three per cent of alcohol; and that he sold several barrels a week, believing it to contain less than three per cent of alcohol. The government was then allowed to show, against the defendant's objection, that, on two days named, one seventeen days and the other two days before the day named in the complaint, a man was seen to go into the defendant's shop sober, and to come out intoxicated. *Held*, that the defendant had no ground of exception.

- COMPLAINT, under the Pub. Sts. *c.* 100, alleging that the defendant, on September 8, 1886, at Boston, unlawfully exposed

and kept for sale intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth. Trial in the Superior Court, before *Hammond,* J., who allowed a bill of exceptions, in substance as follows:

The government introduced evidence tending to show that, on September 8, 1886, officers duly seized upon the defendant's premises, under a search-warrant, certain beer, being a sample from a barrel on draught; that said beer contained more than three per cent of alcohol; and that the defendant kept and exposed the same for sale, as alleged in the complaint.

The defendant, admitting that he kept the beer for sale, introduced evidence tending to show that the beer did not contain more than three per cent of alcohol; and that he sold from four to five barrels a week, believing it to contain less than three per cent of alcohol.

During the trial, the government asked one of its witnesses the following question: " What, if anything, have you seen shortly before the date of this complaint in reference to the conduct of the premises by the defendant? " To which the witness answered as follows: "August 21st, I saw a man go in there sober and come out intoxicated; and I saw the same September 5th."

It appeared that the defendant had been in possession of the premises ever since August 1, 1886.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the admission of said question and answer.

*E. B. Callender,* for the defendant.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. So far as we can see, from the brief bill of exceptions, the defence was, not that the defendant was licensed, but that he kept for sale only a certain kind of beer, containing less than three per cent of alcohol. Admitting that he kept for sale the beer which was seized, the defendant, to support his defence, introduced evidence tending to show that he sold from four to five barrels of beer a week, believing it to contain less than three per cent. To meet this defence, the evidence which was objected to was competent. *Commonwealth* v. *Pease,* 110 Mass. 412. *Commonwealth* v. *Goodman,* 97 Mass. 117. Though not conclusive in its nature, and open to possible explanation on

other grounds, it had some tendency to show that the beer usually sold by the defendant was stronger than the law allows to be sold by unlicensed persons. The evidence was made relevant by the course of the trial. The time apparently was not more remote than that covered by the evidence introduced by the defendant himself. At any rate, the defendant does not show by his bill of exceptions that he has suffered any injury.

*Exceptions overruled.*