## COMMONWEALTH *vs.* JOSEPH P. WELCH.

Essex.        November 7, 1888. — January 4, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Indictment — Forgery — Promissory Note — Indorsement.*

An indictment charging the defendant with forging a certain indorsement upon a certain false, forged, and counterfeit promissory note for the payment of money, set forth the note, which was payable " to the order of myself," and purported to be signed by " J. A. H.," and recited that the "indorsement was of the tenor following, that is to say, J. A. H." *Held*, that the allegation was of the forgery of an indorsement within the meaning of the Pub. Sts. c. 204, § 1, and was sufficient.

INDICTMENT on the Pub. Sts. c. 204, § 1, in eight counts. The first count charged that the defendant " did falsely make, forge, and counterfeit a certain indorsement upon a certain false, forged, and counterfeit promissory note for the payment of money, which said note was of the tenor following, that is to say: ' Salem, March 29, 1887. $500. Six months after date, for value received, I promise to pay to the order of myself, five hundred dollars $\frac{00}{100}$. Payable at        No.        Due        J. A. Hurd.' And which indorsement was of the tenor following, that is to say, ' J. A. Hurd,' with intent thereby then and there to injure and defraud, against the peace of said Commonwealth, and contrary to the form of the statute in such case made and provided."

The second, third, and fourth counts each charged that the defendant " did falsely make, alter, forge, and counterfeit a certain indorsement upon a certain false, forged, and counter-

feit promissory note for the payment of money," and described the notes, which differed only in dates or amounts, and the indorsement upon each, as in the first count.

The fifth, sixth, seventh, and eighth counts each charged that the defendant " did utter and publish as true a certain false, forged, altered, and counterfeit indorsement upon a certain false, forged, and counterfeit promissory note for the payment of money," and described successively the notes and the indorsement upon each, as in the first four counts.

In the Superior Court, before the jury was impanelled, the defendant moved to quash the indictment for the following reasons : " 1. Because the indorsement as alleged in said indictment to be forged, if genuine, would not constitute a contract nor create any liability against J. A. Hurd or any other person. 2. Because said indictment nowhere alleges or avers that the indorsement alleged to have been forged has any such relation to the alleged false, forged, and counterfeit promissory note as to be the subject of forgery. 3. Because the allegations in all the counts in said indictment are uncertain and repugnant. 4. Because said indictment nowhere sets forth such facts nor contains such averments as to show that the words put upon the back of the note in said indictment described were necessarily such as to make J. A. Hurd a party to said note, nor to disclose the capacity in which he was a party. 5. Because said indictment nowhere sets forth such facts nor contains such averments as to show that the words put upon the back of the note in said indictment described were other than a filing or mere memorandum. 6. Because said indictment nowhere alleges or avers that the indorsement alleged to have been uttered by the defendant has any such relation to the note in said indictment described as to be the subject of forgery. 7. Because said indictment nowhere sets forth such facts nor contains such averments as to show that the words contained in the indorsement alleged to have been uttered and published by the defendant upon the back of the note in said indictment described were such as to make J. A. Hurd a party to said note, nor to declare the capacity in which he was a party. 8. Because said indictment nowhere sets forth such facts nor contains such averments as to show that the indorsement alleged to have been uttered and

published by the defendant was other than a filing or other than a mere memorandum upon the back of said note. 9. Because said indictment nowhere alleges or sets out any offence known to the laws of this Commonwealth." *Bacon,* J., overruled the motion.

The defendant was then tried, and the jury returned a verdict of guilty upon the first six counts; and the defendant alleged exceptions.

*D. O. Allen,* (*J. H. Sisk* with him,) for the defendant.

*H. C. Bliss,* Assistant Attorney-General, for the Commonwealth.

KNOWLTON, J. The defendant contends that the indictment does not sufficiently allege that the indorsement referred to in each of the counts was anything more than an immaterial writing upon the back of the note, which did not change the character or legal effect of it.

In *Commonwealth* v. *Spilman,* 124 Mass. 327, it was so held in regard to an indictment that charged a forgery of an indorsement, which was merely the name of a stranger to the note, written across its back, with nothing else to show that he had any relation to it. But in the case at bar, the indorsement appears to change the whole character and effect of the instrument. It converts that which was before an indefinite and incomplete writing into a promissory note, payable to any person who takes it for value. The indorsement was of that which was called for upon the face of the instrument, and which purports to make it effective. In that respect the case differs materially from *Commonwealth* v. *Spilman, ubi supra;* and upon the authority of *Commonwealth* v. *Dallinger,* 118 Mass. 439, we must hold that the description of the name upon the back as an indorsement upon a note, together with the reference to the note itself, is a sufficient allegation that the indorsement was within the meaning of that word as used in the Pub. Sts. c. 204, § 1.

It is true that, until the indorsement was made, the writing did not become a valid promissory note, but in the case last cited it is said that " the allegation that the defendant forged the indorsement upon a promissory note may well be sustained, although the writing became a promissory note only by means

of such indorsement. The principal allegation may be taken to have reference to the character of the instrument when so indorsed." That case is decisive of all the material questions in the case at bar.                              *Exceptions overruled.*