COMMONWEALTH *vs.* JEREMIAH MEANEY.

Middlesex.    January 27, 1890. — February 25, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Common Nuisance — Evidence — Exceptions.*

</div>

At the trial of a complaint on the Pub. Sts. c. 101, §§ 6, 7, for keeping and maintaining a common nuisance, a witness for the defence, on cross-examination, denied that he had been arrested for drunkenness. The government then called an officer, and asked him, in rebuttal, if he had seen such witness intoxicated coming from the defendant's tenement, and how often he had seen him. The defendant objected that the question was not competent in rebuttal, but the witness was allowed to answer it. *Held,* that the evidence was competent, and that the presiding judge might admit it in his discretion, to the exercise of which no exception lay.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Newton used for the illegal sale and illegal keeping for sale of intoxicating liquors. Trial in the Superior Court, before *Sherman,* J., who allowed a bill of exceptions, in substance as follows.

After evidence tending to show that the defendant was guilty of the offence in question, the government asked a witness for the defendant if he had been arrested for intoxication, and the witness said he had been arrested for "animosity." The government then called an officer, and asked him in rebuttal if he had seen the witness coming from the defendant's house intoxicated, and how often he had seen him. The defendant objected that it was not competent in rebuttal, but the judge permitted the question to be answered.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. N. Allin,* for the defendant.

*A. J. Waterman,* Attorney General, & *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

DEVENS, J. It is not easy to see how the denial of the defendant's witness on cross-examination, that he had been arrested for drunkenness, — for so we think his statement must be interpreted, — was met by proving that the witness had been often seen coming from defendant's house intoxicated. It appears that evidence of this fact was offered in rebuttal, was objected to by the defendant as not competent in rebuttal, and was admitted by the presiding judge. Whether he admitted it in rebuttal of the witness's previous statement, or in the exercise of his discretion, the bill of exceptions fails to show. It was competent, in order to prove that the defendant was maintaining a common nuisance, to show that intoxicated persons, the witness included, were seen coming from the place kept by him. Such evidence has been repeatedly received in similar cases. *Commonwealth* v. *Barnes,* 138 Mass. 511. *Commonwealth* v. *Mead,* 140 Mass. 300. *Commonwealth* v. *Leighton,* 140 Mass. 305. *Commonwealth* v. *O'Donnell,* 143 Mass. 178. It was in the power of the court also to permit the Commonwealth to introduce competent evidence at any stage of the trial, even after it had once rested its case. *Commonwealth* v. *Blair,* 126

Mass. 40.  The order of proof at the trial was to be regulated
by the presiding judge at his discretion, to the exercise of this
no exception lies, and as the evidence admitted was competent,
the entry must be                            *Exceptions overruled.*