FRANK L. ALLEN & others *vs.* JOHN MAYERS & another, & trustee.

Bristol. November 18, 1903. — January 5, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Assignment.    Contract.*

An assignment of an unpaid balance due under a contract with a landowner for building a stable is not an assignment of future earnings, required by R. L. c. 189, § 34, to be recorded, to be valid against a trustee process, if the contract has been substantially performed and the landowner has accepted the stable, it having been completed with the exception of inserting a faucet for washing carriages, for which the owner has not designated the place, and some window fastenings of trifling value.

BRALEY, J.    This is an action of contract brought by trustee process on October 25, 1898. Edwin L. Fisher summoned as trustee disclosed by his answer that he had made a contract with the defendants to build a stable for him to cost $1,473, of which sum an unpaid balance remained due from him at the date of the writ of $654. This balance was claimed by William H. Simmons under an assignment made and delivered to him September 9, 1898, but not recorded. The Superior Court having found for the plaintiffs, the case is here on report, and the question raised is whether the plaintiffs or the claimant are entitled to the money in the possession of the trustee.

If we assume that the agreement to build the stable was a contract for " future earnings " within the meaning of St. 1865,

c. 43, § 2, re-enacted in R. L. c. 189, § 34, then an assignment of such earnings would be invalid as against attachment by trustee process if not recorded as therein required. *Somers* v. *Keliher*, 115 Mass. 165, 167.

In order to avoid this result the claimant now contends that the contract was either fully or substantially performed, and the stable accepted by the owner, and therefore the assignment operated on a sum then due and payable.

It is apparent from the report of the case that at the date of the assignment all the work had been done with the exception of putting in a "sill cock * . . . and the fastenings for six windows," and that the reasonable cost of this work, including materials, if done separately from the contract would not exceed for the sill cock the sum of $16, and for the fastenings twenty-five cents. The testimony of Mr. Samuel W. Ashton, admitted under the objection and exception of the plaintiffs, was inadmissible because it tended to contradict the answer of the trustee. *Phillips* v. *Meagher*, 166 Mass. 152. Otherwise the uncontradicted evidence to which there was no objection, tended to show that the defendants agreed to complete the contract by August 20, 1898, but as a matter of fact did not do so until August 29 of that year, and that the sill cock was not put in, because the specifications among other things provided " there will be one sill cock, at some point in the front sill, indicated by the owner," and up to the time when the defendants with these exceptions had completed the work, no place had been designated by the owner where it was to be put.

It further appeared that at this time Fisher had the keys to the stable and was using it, and it may fairly be inferred from his answers as trustee to the interrogatories propounded to him, and the evidence in the case, that he was not only in possession, but also treated the contract as having been substantially performed in good faith by the defendants. The sill cock had not been put in place because up to that time he had failed to indicate to them where he wanted it ; and if it can be technically contended that the value of the window catches, and the necessary work to put them on would be enough to justify a refusal by him to pay the balance due under the contract, he would

---

* A faucet used when washing carriages.

under the circumstances be obliged to rely upon his claim for damages, if he had suffered any by reason of the failure of the defendants to exactly and fully perform their contract, and he could not thereby successfully escape paying for what he had received.

It would be manifestly unfair to allow the owner to take advantage of the condition precedent and refuse to pay, when knowing of the failure to perform the contract, he nevertheless accepts, uses, and enjoys what has been done, and in all but trifling details has the very thing for which he bargained. We know of no principle of law requiring such a result. *Hayward* v. *Leonard*, 7 Pick. 181, 187. *Wiley* v. *Athol*, 150 Mass. 426, 435.

It follows that at the date of the assignment the defendants had earned, and were entitled to the balance due to them under the contract, less whatever sum might be necessary to supply and affix the sill cock and window catches to the stable.

In accordance with the terms of the report the order will be, " Trustee charged upon his answers, if within fifteen days the plaintiffs shall pay to the claimant the sum of $500 and interest thereon at one and one half per cent a month, from October 9, 1898, to the date of such payment, and his costs to be taxed by the clerk; otherwise trustee discharged."

*So ordered.*

*F. A. Pease*, for the claimant.
*J. M. Swift*, for the plaintiffs.