## COMMONWEALTH *vs.* FRANK BOND.

Suffolk.    March 30, 1905. — May 17, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Forgery. Practice, Criminal,* Exceptions. *Lord's Day. Pleading, Criminal, Variance. Evidence,* Admissions by conduct.

To sustain an indictment under R. L. c. 209, § 3, for uttering a forged check knowing it to be forged, if it appears that the defendant knew that the check was false and asserted its genuineness for the purpose of getting money, it is not necessary to show that the check was made by the defendant or that the person whom the defendant sought to deceive was in fact misled.

On the trial of an indictment for uttering a forged check knowing it to be forged, if the bill of exceptions does not show any evidence or offer of proof that the check was dated on the Lord's day, the defendant, on the argument of an exception to a refusal of the trial judge to rule that he should be acquitted, cannot by resorting for the first time to the calendar show that the check bore date on the Lord's day and therefore was void.

On the trial of an indictment under R. L. c. 209, § 3, for uttering a forged check knowing it to be forged, if the check when put in evidence bears the indorsement of the alleged payee which is not alleged in the indictment, this is not a

material variance, as the indorsement constitutes no part of the crime with which the defendant is charged and need not be alleged or proved.

On the trial of an indictment for uttering a forged check knowing it to be forged, evidence of the conduct and statements of the defendant is admissible to show his knowledge of the falsity of the check and his evil intention in passing it. For this purpose the testimony of the officer who arrested him as to the defendant's conduct and declarations immediately after he supposed that he had obtained the money on the false check is admissible.

INDICTMENT, found and returned in the Superior Court for the county of Suffolk on February 11, 1905, under R. L. c. 209, §§ 1, 3, in two counts, the first for making and forging a certain check for $45, and the second for uttering the same check knowing it to be forged.

At the trial in the Superior Court before *De Courcy*, J., the judge, against the defendant's objection, admitted certain testimony of the officer who arrested the defendant which is referred to in the opinion, and refused to rule that on all the evidence the defendant should be acquitted on both counts of the indictment. He ordered the jury to return a verdict of not guilty on the first count, and submitted the case to the jury on the second count. The jury returned a verdict of not guilty on the first count and guilty on the second count. The defendant alleged exceptions, raising the questions stated by the court.

*P. J. Casey,* for the defendant.

*M. J. Sughrue,* First Assistant District Attorney, for the Commonwealth.

BRALEY, J. To constitute the offence charged in the second count of the indictment it was unnecessary to allege and prove that the false check was made by the defendant, or that in his effort to obtain money by passing it he was successful. It is the guilty purpose to defraud by the use of an apparently valid instrument, that is known to the utterer to be forged, which the statute makes punishable, and hence it is not required that the person whom it was sought to deceive should in fact have been misled. *Commonwealth* v. *Ladd*, 15 Mass. 526. R. L. c. 209, §§ 1, 3.

If the defendant knew at the time that the check was false, and by his statements, or acts, asserted its genuineness for the purpose of getting money, he would be guilty of uttering the forged order. *Regina* v. *Ion*, 6 Cox C. C. 1.

Under his general exception to the refusal of the judge to rule that upon all the evidence he should be acquitted, the argument of the defendant that as the check bore date on the Lord's day it was void, and because no civil liability would have arisen if it had been genuine, he ought not to have been convicted, may be dismissed without a full discussion.

This fact, like all facts on which a defendant relies in support of his defence, if not admitted, must be shown by competent evidence at the trial, and as the exceptions do not disclose that such proof was offered, we cannot for the first time by resort to the calendar supply the deficiency. *Hill* v. *Dunham*, 7 Gray, 543.

He further contends that while the check introduced in evidence bore the indorsement of the alleged payee, there was no corresponding allegation in the indictment of this indorsement, and by reason of this omission there was a variance. But as the check, with the uttering of which the defendant is charged, and not the indorsement, is the forgery, there was no occasion for making allegations that were not required to be proved to complete the offence. *Commonwealth* v. *Ward*, 2 Mass. 397. *Commonwealth* v. *Welch*, 148 Mass. 296, 298. *People* v. *Caton*, 25 Mich. 388. R. L. c. 209, §§ 1, 3.

No attempt was made on the part of the defendant to controvert the testimony introduced by the government, and upon the issue raised there were three questions of fact to be determined: the falsity of the check; the defendant's knowledge of its falsity; and his evil intention in passing it. And if there was any evidence to support them, the ruling requested was rightly denied.

When seeking to deceive and defraud others, and to persuade them to advance money by the acceptance as genuine of a forged instrument, the wrongdoer is not likely to make known his object by verbal declarations. The character of the transaction generally must be ascertained from his conduct. For this purpose the testimony of the officer who arrested him, and observed his acts immediately after the defendant supposed that he had obtained the money, and who also testified to declarations then made by him, was competent. *Commonwealth* v. *Devaney*, 182 Mass. 33, 36. *Sumner* v. *Gardiner*, 184 Mass. 433.

At first the defendant represented himself as acting for another in the negotiation of the check, and gave the street and

number where his principal could be found. But when he ascertained, after passing it, that instead of getting the money as he expected in the envelope which was handed to him, he had received only pieces of blank paper, he threw these away, and denied to the arresting officer all knowledge of the envelope, though it could have been found that at the time it was in his possession. Upon the suggestion that the officer would go to the place where the defendant had stated his principal was to be found, he then denied having made such a statement, and said that he met the man who gave him the check on the street. It further appeared that the books of the bank on which the check was drawn did not contain the name of any depositor by the name of the drawer, or any account from which it could be paid. There also was some evidence from which it might be inferred that he was assisted by confederates who attempted to aid him in making his escape after, as they believed, the money had been received.

From the inferences that might be legitimately drawn from all that he did, his behavior when viewed in the light most favorable to him, at least was equivocal, and taken in connection with the worthless check, that came from his possession, it was for the jury to determine under appropriate instructions, which were given, what conclusion should be drawn therefrom as to his innocence or guilt. *Commonwealth* v. *Talbot*, 2 Allen, 161. *People* v. *Clements*, 26 N. Y. 193, 196, 198.

*Exceptions overruled.*