GEORGE V. CORSIGLIA vs. GEORGE G. BURNHAM & trustee.

Franklin.    September 19, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil*, Appeal.   *Contract*, Performance and breach, Implied: common counts.
  *Trustee Process*.

An appeal from a judgment of the Superior Court raises only such questions of law
  as appear by the record.
Where in an action begun by trustee process an order has been made discharging
  the trustee, and the plaintiff has appealed from this order prematurely before
  judgment has been entered against the defendant, so that the trustee on applica-
  tion to the trial court could have had the appeal dismissed but has failed to do so,
  the question of jurisdiction cannot be raised by the trustee for the first time at
  the argument of the case before this court.
In an action against a contractor begun by trustee process, in which a person for
  whom the defendant has been building a house has been summoned as trustee,
  if it appears that the defendant in good faith has performed his contract sub-
  stantially, having finished the house with the exception of putting in a few
  shelves and replacing some broken window glass, but that instead of claiming
  compensation on the ground of substantial performance he has elected to stand
  by his contract and to finish the house according to the specifications, the balance
  of the contract price is not payable until he has done so, and the owner of the
  house summoned as trustee cannot be charged as a debtor of the defendant.

CONTRACT for labor performed and materials furnished, with
three counts, each for a separate and distinct cause of action,
claiming respectively $62.35, $201.02, and $255.86, Rollin Bas-
sett being summoned as trustee.   Writ in the District Court of
Franklin dated December 21, 1903.

The alleged trustee filed an answer in which he alleged that,
at the time of the service of the plaintiff's writ upon him, he
was owing the defendant nothing, that the defendant contracted
to build a house for him, and that several payments had been
made, but that by the terms of the contract nothing was due at
the time of service or would be due until completion.

The plaintiff propounded interrogatories to which answers
were filed by the alleged trustee.   The district court found for
the plaintiff, assessed damages, and ordered that the trustee be
discharged.   The plaintiff appealed to the Superior Court.from
the order discharging the trustee.   The defendant did not appeal.

It did not appear that a final judgment had been entered against the defendant.

In the Superior Court the case came on to be heard before *Fox*, J. On the question of the discharge of the trustee the plaintiff made an offer of proof which the judge found to raise no material question not disclosed by the trustee's answers, and upon those answers the judge ordered that the trustee be discharged. The plaintiff appealed from this order.

*W. A. Davenport*, for the plaintiff.

*H. J. Field*, for the trustee, submitted a brief.

BRALEY, J. An appeal to this court from the Superior Court does not transfer the entire case, but only such questions of law as are apparent upon the record. *Fay* v. *Upton*, 153 Mass. 6.

It was open to the trustee, if he had desired, to have asked that court to dismiss the plaintiff's appeal because it was prematurely entered. But this course not having been taken, the question of jurisdiction cannot be raised for the first time at the argument before us. *Callender, McAuslan & Troup Co.* v. *Flint*, 187 Mass. 104. *Commonwealth* v. *Bond*, 188 Mass. 91.

The only question presented for our decision is whether the order discharging the trustee should be reversed. It may be considered as practically conceded by the trustee, in his answers to the interrogatories, that at the date of the service of the writ upon him the defendant, who was the contractor, in good faith had substantially finished the house.

If nothing further appeared, while in an action upon the contract a failure to comply with the trifling details of putting in a few shelves and replacing some broken window glass would be sufficient to prevent a recovery, yet the contractor would be entitled to maintain an action under a count upon an account annexed for labor and materials furnished, by which the value of the real estate had been enhanced. The amount to be recovered in such an action would be limited to the contract price, after deducting previous payments and any expenditure that might be required to supply the omitted details.

It would follow that the trustee similarly could be charged in the present action with a corresponding sum. *Allen* v. *Mayers*, 184 Mass. 486. *Carpenter* v. *Gay*, 12 R. I. 307.

A further examination, however, discloses a different legal

situation. No claim of substantial performance was made by the defendant. But the contrary appears. Before the trustee was summoned, the defendant not only expressly admitted a failure to put in the shelves and replace the glass, but electing to stand upon the contract, promised to supply both. Moreover, he acceded to the contention of the owner and agreed with him that until the house had been fully completed according to the specifications, the balance of the contract price was not payable.

In the absence of a fraudulent purpose to defeat creditors, which does not appear, these statements being under oath and responsive to the interrogatories, are made conclusive upon the plaintiff by R. L. c. 189, § 15. *Phillips* v. *Meagher*, 166 Mass. 152. *Neally* v. *Ambrose*, 21 Pick. 185, 187. Accordingly the money which it is sought to hold, not being due until the entire contract had been performed, the trustee is not chargeable as a debtor of the defendant. *Robinson* v. *Hall*, 3 Met. 301. *Gleason* v. *Gage*, 2 Allen, 410. *Wood* v. *Buxton*, 108 Mass. 102. *Peterson* v. *Loring*, 135 Mass. 397. *Allen* v. *Mayers*, 184 Mass. 486.

*Order discharging trustee affirmed.*