COMMONWEALTH *vs.* SAMUEL A. SEGEE.

Suffolk.    June 15, 1914. — September 10, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Forgery. Forging Public Record. Evidence,* Of ófficial records, Opinion: experts, Of intent, Of motive, Of handwriting. *Practice, Criminal,* Exceptions. *Words,* "Public records."

The valuation lists of the assessors of a town are "public records" within the meaning of R. L. c. 209, § 1, which makes it a crime to forge a public record with intent to injure or defraud.

In order to constitute the crime of forging a public record with intent to injure or defraud, it is not necessary that the whole instrument should be fictitious. The forgery may consist in the material alteration of a part of a valid document, as in the present case it consisted in changes in the valuation lists of the assessors of a town.

The fraudulent alteration of the valuation lists of the assessors of a town is none the less the forging of a public record with intent to defraud under R. L. c. 209, § 1, if at the time of such alteration the lists, although they had been delivered to the collector of taxes, were not accompanied by a warrant for the collection of the taxes therein assessed.

Upon an indictment under R. L. c. 209, § 1, for forging a public record "with intent to injure or defraud" by making alterations in the valuation lists of the assessors of a town, it is not nècessary, in order to convict the defendant, to show an intent to defraud a particular person. It is sufficient to prove a general intent to defraud some one.

The provision of R. L. c. 175, § 74, that copies of official records of depart-

ments of the Commonwealth or of any city or town authenticated by the attestation of the officer who has charge of them "shall be competent evidence in all cases equally with the originals thereof," does not render the originals themselves incompetent as evidence.

At the trial of an indictment under R. L. c. 209, § 1, for forging alterations in a public record with intent to injure or defraud, the presiding judge excluded evidence offered by the defendant consisting of excerpts from a book entitled "Forgeries and False Entries" written by one who had testified for the Commonwealth as an expert in handwriting. It did not appear for what purpose the evidence was offered and there was nothing to show that the excerpts had any tendency to contradict or control the testimony of the government witness. *Held,* that the exclusion was right, the opinions expressed in the book being on the same footing as opinions expressed in medical books.

At the trial of an indictment under R. L. c. 209, § 1, for forging a public record with intent to injure or defraud by making alterations in the valuation lists of the assessors of a town, where it appears that the defendant was a member and the chairman of the board of assessors, evidence is competent and material which shows that the defendant made the alterations with an intent to cheat and defraud and not for the purpose of correcting errors, and evidence also is competent, as tending to show a motive to commit the crime, that intimate relations of friendship existed between the defendant and certain persons whose property had been assessed and that the alterations had been made to enable those persons to escape the payment of taxes that had been assessed to them lawfully.

At the trial of an indictment under R. L. c. 209, § 1, for forging a public record, where it is material to show that alterations made in the valuation lists of the assessors of a town were in the handwriting of the defendant, it is proper for the presiding judge to admit in evidence as a standard of comparison a deed, to which the defendant was not a party, which is shown to have been written by him.

An exception in a criminal case to a refusal of the presiding judge to instruct the jury that "upon all the evidence in the case the verdict must be not guilty" cannot be sustained if all the evidence is not reported or described and the bill of exceptions shows no error of law.

In a criminal case, as in a civil one, exceptions to the admission or exclusion of evidence cannot be sustained, where all the evidence material to the exceptions is not reported or described and it does not appear how the evidence in question applied to the case as it stood when such evidence was presented.

CROSBY, J.  The indictment against the defendant was in fifteen counts and charged him with forgery.

At the close of the evidence the district attorney, with the consent of the defendant, *nol prossed* ten of the counts, and the jury returned a verdict of guilty on each of the other five counts, which charged the defendant under R. L. c. 209, § 1, with forging "a certain public record, to wit, a valuation list of the town of Revere in said county."

The government offered evidence to prove that certain fictitious entries and charges had been made by the defendant in the valuation lists for the years 1911 and 1912 of the town, prepared by the board of assessors, of which board the defendant was the chairman. The government, for the purpose of proving such false entries and alterations, offered in evidence the valuation books for the years 1911 and 1912, which contained the valuations for those years. This evidence was admitted subject to the defendant's exception, it being his contention that such books were not "public records" within the meaning of R. L. c. 209, § 1, under which the counts in the indictment were drawn.

R. L. c. 35, § 5, provides that "In construing the provisions of this chapter and other statutes, the words 'public records' shall, unless a contrary intention clearly appears, mean any written or printed book or paper, any map or plan of the Commonwealth or of any county, city or town which is the property thereof and in or on which any entry has been made or is required to be made by law."

The law requires assessors of cities and towns to make upon books furnished for that purpose valuations and assessments. St. 1909, c. 490, Part I, §§ 55–64. It is plain that as the entries in such books are "required to be made by law," the books and their contents are public records within the meaning of R. L. c. 35, § 5. The valuation lists having been delivered to the tax collector without being accompanied by a warrant for the collection of taxes therein assessed, did not render the offense less complete if such lists had been altered by the defendant with intent to defraud.

It follows that the defendant's requests numbered 5, 6, 7, 8, 9 and 10 * could not have been given.

---

* The rulings thus requested were as follows:

"5. The valuation lists referred to in various counts contained in the indictment not having been accompanied by a warrant to the tax collector at the time of their delivery to him are not, or were not, at the time of the alleged forgery such instruments as would be the subject of forgery by changes and alterations therein.

"6. A valuation list is not a public record within the meaning of R. L. c. 209, § 1.

"7. A valuation list until completed is not a public record within the meaning of R. L. c. 209, § 1.

The exception to the admission of the valuation books on the ground that certified copies of such books were the best or the only evidence, cannot be sustained. While the R. L. c. 175, § 74, provides that copies of books, papers, documents and records duly authenticated by the officer who has charge of the same, shall be competent evidence in all cases equally with the originals, yet the originals are not thereby rendered incompetent as evidence. *Fitch* v. *Randall*, 163 Mass. 381. *Day* v. *Moore*, 13 Gray, 522.

The offense of forgery may consist in the alteration in a material part of a valid document by which another may be defrauded. It is not necessary to the offense that the whole instrument should be fictitious. *Commonwealth* v. *Boutwell*, 129 Mass. 124.

The Commonwealth, in order to convict, is not required to prove that there was an intent to defraud a particular person, but it is sufficient to prove a general intent to defraud some one. The defendant's request numbered 15 * must therefore be over-

---

"8. A valuation list is not completed until the warrant to the tax collector has been issued for the collection of the taxes based upon the valuation set forth in said list so that said list can be forged by changing or altering the contents thereof.

"9. Upon all the evidence in the case the jury would be justified in finding that the valuation lists mentioned in various counts of the indictment had not been completed at the time of the alleged changes and alterations therein.

"10. The valuation lists mentioned in the indictment were not efficient instruments at the time of the alleged changes and alterations, that is, instruments capable of being forged."

* The ruling thus requested and those referred to on page 505 were as follows:

"13. Upon all the evidence in the case the jury would not be justified in finding that the town of Revere, the public, the taxpayers of Revere, or any individual has been defrauded by the alleged alterations and changes in any of the instruments described in said indictment.

"14. If the jury should find that any of the alterations and changes alleged to have been made were in fact made and no fraud or injury could result from said changes and alterations, unless some future act, or acts, on the part of the defendant, or some third person, or some official board were necessary in order to bring about and effectuate said fraud or injury, and that said other act had not taken place or been enacted, then the verdict must be not guilty.

"15. The burden is upon the government to prove beyond a reasonable doubt that any changes, or alterations, made in any of the instruments described in the indictment were made with intent to injure or defraud some

ruled. *Commonwealth* v. *Brown,* 147 Mass. 585. *Commonwealth* v. *Henry,* 118 Mass. 460. It is not necessary for the government to prove that any person actually was defrauded. The false making or alteration with intent to defraud is the gist of the offense. Accordingly the defendant's requests numbered 13 and 14 * could not have been given. *Commonwealth* v. *Ladd,* 15 Mass. 526. *Commonwealth* v. *Bond,* 188 Mass. 91.

The defendant offered in evidence certain excerpts from a book written by one Hingston, a witness who had been called by the Commonwealth as an expert in handwriting. The title of the book was "Forgeries and False Entries." This evidence was excluded rightly; it does not appear for what purpose it was offered; there is nothing in the record to show that the excerpts offered would have had any tendency to contradict or control the testimony of the witness, nor was such evidence competent to prove the truth of the statements therein contained. Such evidence stands upon the same footing as medical books. It is well settled in this Commonwealth that medical books are incompetent as evidence; nor are the opinions of medical experts admissible unless testified to by themselves as witnesses. *Allen* v. *Boston Elevated Railway,* 212 Mass. 191.

Where, as in this case, intent was a material issue, evidence having a bearing upon the intent of the defendant in making erasures, additions or alterations in the valuation lists was clearly admissible. The defendant, as a member and chairman of the board of assessors, was charged with the duty of preparing full and accurate lists, and, if such lists as originally made up contained errors or omissions, it was entirely proper for the defendant to correct such errors. If the evidence showed that alterations had been made in the lists by the defendant, it was competent and material for the government to show that the defendant made such alterations with intent to cheat and defraud and not for an honest and legitimate purpose. *Commonwealth* v. *Bradford,* 126 Mass. 42.

So also evidence was competent to show that the defendant

particular person or persons. It is not enough that the ultimate result of said changes or alterations coupled with other wrongful acts may in the future result in a general injury to taxpayers in the town of Revere."

* See footnote on page 504.

had a motive in committing the offense charged; and for this reason evidence of the intimate relations of friendship between the defendant and those persons in whose names property had been assessed, and that the alterations had been made in the valuation lists to enable them to escape from the payment of taxes that had been assessed legally, was admissible.

The government contended that the defendant was either the real owner of the parcels of real estate benefited by such alterations in the assessment, or stood in such intimate relations of friendship with the persons in whose names such estates were assessed that he had a motive in making the alterations.

Such evidence was competent to prove that the defendant had a motive peculiar to himself to commit the crime charged. *Commonwealth* v. *Webster*, 5 Cush. 295. *Commonwealth* v. *Hudson*, 97 Mass. 565. *Commonwealth* v. *Howard*, 205 Mass. 128.

It was a material issue in the case whether the alterations in the valuation lists were in the handwriting of the defendant; accordingly the deed from McLeod to Cazale, written by him, was properly admitted as a standard of comparison to show that the alterations in the valuation lists were made by him. The defendant's ninth exception must be overruled. *Commonwealth* v. *Tucker*, 189 Mass. 457.

As all the evidence is not reported we cannot determine that the jury should have been instructed to return a verdict of not guilty. The defendant's first request * could not have been given. The exceptions taken to the conduct of the presiding judge † show no reversible error.

The case seems to have been tried fairly, without any substantial prejudice to the defendant's rights. What has been said disposes of many of the exceptions saved during the course of the trial. We have carefully examined all the exceptions, including those relating to the admission and exclusion of evidence, and, without referring to all of them in detail, we cannot discover any error in the rulings made by the trial judge.

As the evidence is not reported in full, we are unable to deter-

---

* The ruling thus requested was as follows: 1. Upon all the evidence in the case the verdict must be not guilty.

† *Brown*, J. The exceptions referred to related to certain remarks made by the judge.

mine in certain instances whether evidence was rightly or wrongly admitted or excluded, because it does not appear how such evidence applied to the case as it stood when the evidence was presented, and therefore the bill of exceptions fails to show that the rulings made were erroneous. Accordingly such exceptions to the admission or exclusion of evidence must be overruled.

No question is raised as to the charge, and it is not contended that full and accurate instructions were not given to the jury. *Commonwealth* v. *Collins,* 16 Gray, 29. *Commonwealth* v. *Sturtivant,* 117 Mass. 122, 139. *Commonwealth* v. *Salmon,* 136 Mass. 431.

*Exceptions overruled.*

The case was submitted on briefs.

*E. P. Barry, J. R. McHugh & T. E. Flanagan,* for the defendant.

*T. D. Lavelle,* Assistant District Attorney, for the Commonwealth.