COMMONWEALTH *vs.* OLE LEVY.

Essex. Nov. 8, 1878. — Jan. 1, 1879. ENDICOTT & LORD, JJ., absent.

At the trial of a complaint on the St. of 1875, *c.* 99, for the illegal keeping of intoxicating liquors, with intent unlawfully to sell the same, there was evidence that in the defendant's dwelling-house, where he kept boarders, were a barrel of ale on tap, several bottles containing liquor, an ale-pump, tumblers, a strainer, bowls and dishes; and that in a shed adjoining the house there was an empty ale-barrel. *Held*, that this evidence was sufficient to warrant a verdict of guilty.

COMPLAINT to the First District Court of Essex, on the St. of 1875, *c.* 99, charging the defendant with the illegal keeping of intoxicating liquors with intent unlawfully to sell the same.

At the trial in the Superior Court, before *Putnam*, J., two officers testified that, on the day of the alleged offence, at about two o'clock in the afternoon, they entered the dwelling-house of the defendant; that in the dining-room a table was set with dishes and eatables, and there were chairs around the table; that they could not say whether any of the defendant's family were sitting at the table at dinner; that a boarder of the defendant was sitting in the kitchen adjoining the dining-room; that the wife and children of the defendant and another boarder were in the dining-room; that another person with a glass of beer in his hand was also in the room, but left immediately, and the witnesses did not know whether he was a boarder or not; that the defendant, at the time the officers entered, was coming from a closet, also adjoining the dining-room, with a glass of ale in his hand; that in the closet there was a barrel containing about five gallons of ale on tap, on shelves in the closet, a bottle containing a pint of rum, a bottle containing a pint of whiskey, an ale-pump with a pipe which ran out into the shed, though at the

time it was unconnected with any barrel of ale, five bottles of lager beer, large and small tumblers, a strainer, bowls, dishes and other articles of crockery and kitchen utensils; and that in a shed adjoining the house an empty ale-barrel was found.

No other evidence was introduced in support of the complaint; and the defendant requested the judge to rule that the evidence was insufficient to warrant a verdict of guilty. But the judge refused so to rule; and submitted the case to the jury under instructions not objected to.

The jury returned a verdict of guilty; and the defendant alleged exceptions to the refusal to rule as requested.

*H. P. Moulton*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. The possession of intoxicating liquors, even of various kinds and in large quantities, is not of itself, and if that were the only fact proved, sufficient to justify a verdict of guilty, in a complaint like that now under consideration. But the evidence reported in this bill of exceptions goes beyond this limit. It was not only proved that barrels of ale had been upon the premises, and that one was on tap there, when the officers entered; but a part of the furniture of the establishment, — the tumblers, the strainer, and especially the apparatus of the beer-pump, — was appropriate to a shop or place of public resort where intoxicating liquors are kept for sale, and furnished an indication of an intent to sell, rather than to apply to the mere domestic use of a single family  All this the jury had a right to consider. It is impossible for us to say that it had no weight or significance, or that there was no evidence to justify their verdict. *Exceptions overruled.*