The State v. Shank.

THE STATE v. SHANK.

74 649
79 53

1. **Intoxicating Liquors**: NUISANCE: PHARMACIST: PRESUMPTION FROM KEEPING LIQUORS. In the prosecution of a registered pharmacist for keeping a liquor nuisance, the defendant complains of an instruction in which the court stated that the finding of intoxicating liquors in any place where merchandise is kept for sale is presumptive evidence that they are kept there for the purpose of illegal sale. *Held* no error, in view of the fact that, in the same instruction, the court plainly directed that the defendant, as a registered pharmacist, had the right to keep intoxicating liquors in his drug-store for compounding medicines, and therefore the burden rested on the state to show that such liquors were kept by defendant for unlawful purposes.

2. ———: ———: ———: EVIDENCE: QUANTITY AND KIND OF LIQUORS. In such case, in determining the purpose for which the defendant kept liquors, the jury may consider the amount and kind thereof.

3. ———: ———: ———: TIME: INSTRUCTION. In such case the court instructed:—"If the evidence shows that defendant, during the time covered by this indictment, kept intoxicating liquor in his pharmacy that was in no measure useful in compounding medicine, then the presumption would be that such liquor was kept for an illegal purpose." *Held* erroneous, because the indictment covered a time when, under the statute, intoxicating liquors were lawfully kept by pharmacists for medical purposes, without the restrictions imposed by the law in force when the indictment was found.

*Appeal from Montgomery District Court.*—HON. A. B. THORNELL, Judge.

FILED, JUNE 9, 1888.

DEFENDANT was indicted and convicted for keeping a nuisance by maintaining a place for the unlawful sale of intoxicating liquors. He now appeals to this court.

*C. E. Richards* and *S. McPherson*, for appellant.

*A. J. Baker*, Attorney General, for the State.

BECK, J.—I. The following instruction given by the district court to the jury is made the foundation of objections to the judgment upon the verdict in this case: "7. The keeping of any kind of intoxicating liquor in any saloon or grocery-store, or any place where articles of merchandise are kept for sale, is presumptive evidence that it is kept there for the purpose of illegal sale, unless the presumption is removed by evidence showing that it is kept for some other and different purpose. The evidence, however, shows that, during the period of time covered by this indictment, the defendant was a registered pharmacist; and you are instructed that, as such registered pharmacist, the defendant would have the right to keep intoxicating liquor in the pharmacy for use there for the necessities of compounding medicine only, and the burden is upon the state to show that any intoxicating liquors found in his pharmacy during said time were kept for another and different purpose. Whether defendant kept liquors in the place in question during the time covered in this indictment, and, if so, whether they were kept for an illegal purpose, are questions of fact, to be determined by you from all the evidence in the case. In deciding these questions, you should, so far as can be gathered from the evidence, consider the amount and kinds of intoxicating liquors kept by the defendant in the place in question, if any are shown to have been kept by him, the purpose for which the same were used, and the amount and kinds of intoxicating liquor needed for use by defendant in his pharmacy for the necessities of compounding medicine only. If the evidence shows that the defendant, during the time covered by this indictment, kept intoxicating liquor in .his pharmacy that was in no measure useful in compounding medicine, then the presumption would be that such liquor was kept for an illegal purpose."

II. Counsel urge the following objections to the instruction: The instruction, it is claimed, erroneously

*1. INTOXICATING liquors: nuisance: pharmacist: presumption from keeping liquors.*

directs the jury that the finding of intoxicating liquors in "any place where merchandise is kept for sale is presumptive evidence that it is kept there for the purpose of illegal sale." This direction of the instruction, it is insisted, holds that the keeping of intoxicating liquors by defendant, who is a pharmacist, and therefore keeps merchandise for sale in his drug-store, is presumptive evidence that he kept the liquors for unlawful sales. But the instruction, read as a whole, plainly directs the jury that defendant, as a registered pharmacist, had the right to keep intoxicating liquors in his drug-store, for compounding medicines, and therefore the burden rested upon the state to show that such liquors were kept by defendant for unlawful purposes; thus relieving the defendant, in this case, of the presumption which would arise in a case to which the rule stated by the court is applicable. The jury could not have been misled by the instruction, and under it based their verdict upon the presumption. We need not inquire whether the rule of the instruction is correct, so far as it specifies that places where articles of merchandise are kept for sale are within the presumption; for, if it be erroneous, no prejudice could possibly have resulted to defendant, for by the language of the instruction he is excluded from the operation of the rule, so far as it is objectionable.

III. The instruction directs the jury that, in determining the purposes for which defendant kept intoxicating liquors, they may consider the amount and kind thereof. The instruction, as to this part of it, is also complained of by counsel. We think it is correct. Surely, a pharmacist who keeps intoxicating liquors for sale as a beverage, as well as for the legitimate purposes of medicine, will require a greater quantity and a greater variety of liquors to supply his trade than would be demanded did he keep it only for the necessities of medicine.

2. —— : —— : evidence : quantity and kind of liquors.

IV. The last sentence of the instruction, it is insisted by counsel, is erroneous, in that it extends the

The State v. Shank.

3. —: —: —: time: instruction. rule therein stated to a time when, under the statute, intoxicating liquors were lawfully kept by pharmacists for medical purposes without the restrictions imposed by the law in force when the indictment was found. On account of the amendment or change of the statute on this subject, intoxicating liquors were lawfully kept by pharmacists, during the earlier part of the time covered by the indictment, without a permit; and the keeping of the same kind of liquors without a permit was forbidden during the latter part of that period. Upon this ground, counsel insist that the instruction is erroneous. The part of the instruction under consideration is justly subject to the objection. The defendant being authorized to keep intoxicating liquors for lawful purposes during a part of the time covered by the indictment, no presumption arises against him that they were kept for unlawful purposes; but the law will rather presume, in the absence of proof to the contrary, that he kept them for lawful purposes, for men are presumed to act in obedience to the law when their acts are not shown to be unlawful. There was evidence tending to show that one or more sales were made during the time covered by the indictment in which defendant was authorized to keep and sell liquors for lawful purposes. The instruction, therefore, will be presumed to have been prejudicial to defendant. Objections based upon the rulings of the court upon questions involving the admissibility of evidence, and the sufficiency of the evidence to support the verdict, need not be considered, as these questions may not arise upon another trial. The judgment of the district court is

REVERSED.