## THE STATE v. SHANK.

1. **Criminal Practice**: LOST INDICTMENT. The indictment in this case having been lost, a copy was substituted after the jury was impaneled and sworn. *Held* that the objections that the jury was not sworn to try the case upon a copy of the indictment, and that the court had no jurisdiction to impanel a jury when no indictment was in existence, were merely technical, and did not affect the merits, and was no ground for reversing a judgment of conviction.

2. **Liquor Nuisance**: ELEMENTS OF CRIME: INSTRUCTION: ERROR WITHOUT PREJUDICE. In a prosecution for keeping a liquor nuisance, an instruction which ignores the fact that, to constitute the crime charged, the existence of intoxicating liquors in the place described is essential, is erroneous (*State v. Tierney*, 74 Iowa, 238); but such error is without prejudice where it is clearly shown in the evidence, and not questioned, that such liquors were kept in the place named.

3. ———: REGISTERED PHARMACIST: PRESUMPTION FROM LIQUORS FOUND ON PLACE. The finding of intoxicating liquors in the place named in an indictment for liquor nuisance is presumptive evidence that they were kept for unlawful sale (Laws of 1886, ch. 66, sec. 8); but the presumption is not conclusive; and where the defendant claimed to be a registered pharmacist he was entitled to rebut the presumption by showing that fact to explain the purpose for which he had the liquors. The instructions in this case, taken together, sufficiently state this rule, and are not erroneous.

4. ———: ———: AMOUNT OF LIQUORS ON HAND AS EVIDENCE. Where a registered pharmacist is on trial for keeping a liquor nuisance, the jury may consider the quantity of liquors kept by him, in connection with the legitimate demands of his business, in determining whether such liquors were kept for a lawful purpose. (See *State v. Shank*, 74 Iowa, 651.)

The State v. Shank.

5.  ——— : ——— : TIME : INSTRUCTION. In such case it was error to instruct the jury to determine whether the defendant kept intoxicating liquors for illegal purposes during the time covered by the indictment, when defendant, as a registered pharmacist, could lawfully sell such liquors during a portion of that time; but the error was without prejudice, since counsel for the state waived all claim as to matters which transpired during the time when defendant could lawfully sell such liquors, and for the further reason that the court, in another instruction, properly limited the time to be considered by the jury.

6.  Appeal: ERRORS NOT REVIEWABLE. Where, by agreement, a transcript of the evidence of a witness given upon a former trial of the case was admitted,—the witness being absent,—the rulings made on the former trial, as shown by the transcript, cannot be reviewed on appeal from the second trial..

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

FILED, JANUARY 22, 1890.

DEFENDANT was indicted and tried for the crime of nuisance, and found guilty. He was adjudged to pay a fine of three hundred and fifty dollars, an attorney's fee and costs. From that judgment he appeals.

*C. E. Richards* and *S. McPherson,* for appellant.

*John Y. Stone,* Attorney General; and *R. W. Beeson,* County Attorney, for the State.

ROBINSON, J.—The indictment was found on the twenty-first day of June, 1887, and charged defendant with having committed the crime in question by unlawfully keeping for sale and selling intoxicating liquors in the city of Red Oak. During the time covered by the indictment defendant was a registered pharmacist. This cause was submitted in this court on a former appeal. See 74 Iowa, 649.

I. After the jury was duly impaneled and sworn on the last trial, the county attorney stated to the court that the original indictment was lost, and moved that a copy thereof be substituted therefor. The motion was

The State v. Shank.

resisted by defendant, but sustained by the court after a showing that the original was lost. Appellant contends that the substitution was not in fact made, but the transcript shows clearly that it was. The record of the order made by the court is as follows: "And, it appearing to the court that the original indictment in this case has been lost, the county attorney moves to substitute a copy thereof, which motion is supported by oral testimony, and motion submitted; and upon due consideration it is ordered by the court that said motion be sustained, and that the copy of the indictment marked 'Exhibit A' by the short-hand reporter is substituted as and for the original indictment found herein." We think the orders of substitution and identification were sufficient.

II. It is objected by appellant that the jury were sworn to try the case upon the indictment as returned by the grand jury, and not upon a copy substituted therefor; and, that the jury having been sworn before the copy was substituted, they were impaneled and sworn when no indictment was in existence, and when the court had no jurisdiction to impanel a jury. The objection made is technical, and does not go to the merits of the case. It was said in *State v. Rivers*, 58 Iowa, 107, that the court possesses an inherent power to preserve and protect its jurisdiction when it has once attached, and that it is the modern practice to disregard unimportant technicalities, not vital or material to the rights of the parties. In contemplation of the law, the copy of the indictment substituted for the original is, in effect, the original, and is to be so treated. The substitution relates back to the presentment by the grand jury, and may be made whenever it is discovered that the original is lost. It was not necessary for defendant to replead after it was made. The issues were not in any manner changed by it, and it must be presumed that the jury were sworn to try those issues. We are of the opinion that the objection is not well founded.

1. CRIMINAL practice: lost indictment.

III. Appellant insists that the evidence to show that the original indictment was lost was not sufficient. We have read the evidence on that point as it appears in the abstracts and in the transcript, and conclude that it fully sustains the ruling of the court.

IV. The second paragraph of the charge to the jury is as follows: "The defendant in the first instance is presumed to be innocent, and this presumption continues until he is proven guilty beyond all reasonable doubt. The plea of not guilty casts upon the state the burden of showing, by clear and satisfactory proof, either that since the eighth day of April, 1886, and prior to the twenty-first day of June, 1887, the defendant in this county kept, managed or controlled the lower story and cellar of the building described in the indictment, for the purpose of selling intoxicating liquors, or that, within the time named and at the place above stated, the defendant managed, kept or controlled the said lower story and cellar of the building aforesaid, for the purpose of keeping for sale therein intoxicating liquors, and, if either of these matters is shown beyond all reasonable doubt then the defendant should be convicted; but if neither of them is shown by that quantity of the testimony, then the defendant should be acquitted." It is insisted by appellant that the instruction is erroneous, in that it ignores the fact that, to constitute the crime charged, the existence of intoxicating liquors in the place described was essential. There can be no question that the claim is well founded. See *State v. Tierney*, 74 Iowa, 238, and cases therein cited. Counsel for the state concede the error, but contend that it was not prejudicial for two reasons, to-wit: (1) The fact that intoxicating liquors were kept in the place described was clearly shown, and not questioned; (2) the error was cured by other parts of the charge. No issue was made on the trial as to the fact that defendant kept intoxicating liquors in the place described in the indictment. Officers testified, without contradiction, that they found such liquor there during

2. Liquor nuisance: elements of crime: instruction: error without prejudice.

the time covered by the indictment, and defendant tes-
tified to keeping it. Other portions of the charge
tended to cure the omissions in the second paragraph,
but we do not attach much weight to that fact. We
should not deem it necessary to reverse a judgment for
the omission of the court to instruct the jury that they
could not convict unless they found a fact which was
substantially admitted of record. In our opinion, the
error in question was without prejudice.

V. The eighth paragraph of the charge was as
follows: "With reference to the liquor which it is claimed
was taken from the building in controversy,
you are instructed that the finding of intoxi-
cating liquors, except in the possession of
one legally authorized to sell the same, or
except in a private dwelling house, is, by
an act of the general assembly which took effect April
9, 1886, made presumptive evidence that such liquors
were kept for illegal sale. And as there is no proof that,
during the time as to which you are to inquire, the
defendant was legally authorized to make sales of liquor,
the presumption arises that the liquors, if any, that
were found upon the premises described in the indict-
ment were kept for illegal sale. This presumption,
however, is not conclusive, but may be rebutted by any
testimony which shows that such liquors were kept for
a lawful purpose." Appellant complains of this instruc-
tion on the ground that, it having been admitted that
defendant was a registered pharmacist during the time
in controversy, it thus appeared that he had the right
to keep intoxicating liquors for the purpose of com-
pounding medicine and filling prescriptions. Therefore
there could be no presumption that he kept such liquors
for an unlawful purpose. The instruction was author-
ized by section 8, chapter 66, Acts Twenty-first General
Assembly. As applied to the facts in this case, it
required modification or explanation, and that is found
in other portions of the charge. The jury were instructed
in the ninth and tenth paragraphs of the charge that, as
a registered pharmacist, defendant had a right to keep

3. ——: reg-
istered phar-
macist: pre-
sumption
from liquors
found on
place.

intoxicating liquors needed by him for the purpose of making tinctures, compounds and prescriptions in his business, and to keep such liquors for his own use. They were also instructed that they were required to determine from all the evidence in the case whether defendant kept intoxicating liquors for an illegal purpose. We are of the opinion that the eighth paragraph of the charge, construed with other portions of it, was not erroneous. It permitted defendant to rebut the presumption created by law from the facts stated, by showing that he was a registered pharmacist, and such other facts as might be relevant and competent.

VI. The appellant complains of a part of the charge which instructed the jury that defendant might "keep such an amount of any kind of liquors as are necessary, not only for present use, but for a reasonable time in the future." The jury were further instructed as follows: "In arriving at your conclusions, * * * you should, so far as can be gathered from the testimony, consider the amount and kinds of intoxicating liquors kept by the defendant in the place in question—if any are shown to have been kept by him—and the purpose for which the same were used by the defendant in his pharmacy, for the necessities of compounding medicines and tinctures only." Appellant complains of the portion of the charge first quoted, on the ground that it is not the law that a pharmacist can keep on hand intoxicating liquors only for present use and for a reasonable time in the future. The charge must be considered as a whole, and as applied to the evidence in the case. It was contended on the part of the state that the stock of intoxicating liquors kept by defendant was so large as to furnish some ground for the presumption 'that it was not all designed for lawful purposes. Defendant offered evidence which tended to show that he had on hand, at the time in question, no larger quantity of such liquors than a reasonably prudent man of business would provide for his trade. The instruction was as favorable to defendant as to plaintiff. We think it was proper for the jury

4. —:—:
amount of
liquors on
hand as evi-
dence.

The State v. Shank.

to consider the quantity of liquors kept by defendant, in connection with the legitimate demands of his business, in determining whether or not such liquors were kept for a lawful purpose. *State v. Shank*, 74 Iowa. 651.

VII. Appellant complains of a part of the charge which instructed the jury that they were to determine whether intoxicating liquors were kept by defendant for illegal purposes "during the time covered by the indictment." The language quoted was erroneous, and we so held on the former appeal. The error was without prejudice on the last trial, however, for the reason that during the examination of witnesses counsel for defendant asked that the state be required to confine its evidence as to time to the period either before or after April, 1886; and in response to that request counsel for the state waived all claim as to matters which transpired prior to April 8, 1886, and for the further reason that the second paragraph of the charge limited the time which the jury could consider to that between the eighth day of June, 1886, and the twenty-first day of June, 1887. The jury must have understood, therefore, that "the time covered by the indictment" was that last described.

5. ——:——: time: instruction.

VIII. Appellant complains of rulings of the court which it is alleged excluded certain competent testimony which would have been given by witnesses Hindman and Ross. After the ruling as to the testimony of Hindman was made, he was recalled, and permitted to testify fully in regard to the controverted matter. Ross was not present on the last trial, and his testimony was submitted in the form of a transcript of that given in a former trial. It was so submitted by agreement. The rulings in question were made on the former trial, and not on the last, and are not properly here for consideration.

6. APPEAL: errors not reviewable.

IX. Appellant contends that the verdict is contrary to the evidence. We have read the evidence with care, and are of the opinion that it is sufficient to sustain the verdict. The judgment of the district court is

AFFIRMED.