STATE OF IOWA, Appellant, v. JOHN THOMAS AND ANDREW J. THOMAS.

**Practice:** SUBSTITUTING INDICTMENT. On a motion, to substitute an alleged copy of a lost indictment, the attorney who made the motion, testified that he never saw the original, nor a copy of it, nor consulted with the attorney who drew it, as to its contents; and that he drew the proposed substitute after examining, .and having returned to their custodian, the minutes of the evidence before the grand jury. The attorney, who drew the original, testified that the substitute contained, substantially, all the allegations in the original, but that he could not say it was a true copy; that it was more voluminous than the original, and contained allegations not in the latter; that there were descriptions, as to instruments used by defendants in committing the offense charged, which were not in the original; and that the latter did not contain the words, "and of their malice aforethought," found in the substitute proposed. *Held*, that the evidence did not show that the proposed substitute was a substantial copy, and that it ought not to be substituted.

*Appeal from Allamakee District - Court.*—HON. A. N. HOBSON, Judge.

TUESDAY, APRIL 7, 1896.

AT the September term, 1893, the defendants were indicted for the crime of assault, with intent to commit murder. They were arraigned, and pleaded not guilty. The case was continued from term to term, until the April term, 1895, when the state filed a motion, as follows: "Comes now the plaintiff herein, and moves the court that the copy of indictment hereto attached, marked 'Exhibit A,' may be substituted for the original indictment herein, and as grounds therefor, states:   (1) That said original indictment has been lost; (2) that said Exhibit A is practically a copy of said original indictment; (3) that said Exhibit A, as to the statement of requisite and material facts and matters, such as names of parties defendant, the name of the offense charged, the allegations of facts constituting the offense, the names of the witnesses, and the indorsement and signature of the foreman of the grand jury, is practically and substantially the same as the said lost original indictment.   And in support of this motion, the affidavits of E. M. Woodward, W. O. Beck, and Henry Dayton, and said Exhibit A, hereto attached, are herewith submitted, and made a part hereof."  Upon application of defendants, said affiants, Dayton and Woodward, were required to, and did appear, for cross-examination, and were examined. The court overruled said motion, and, finding that the state was unable to substitute a copy of the indictment, discharged the defendants. The state appeals.—*Affirmed.*

*Milton Remley,* attorney general, and *E. M. Woodward,* county attorney, for the state.

No appearance for appellee.

GIVEN, J.—In *State v. Rivers,* 58 Iowa, 102 (12 N. W. Rep. 117), wherein this same kind of a motion was made, this court said: "We are prepared to hold that when a defendant has been arraigned upon an indictment, and it is afterwards lost or abstracted, the court may, upon motion, substitute a copy, and proceed upon the record thus made, the same as upon the original indictment." In that case, the substituted copy was made from the original by the clerk of the district court, and properly certified. This court said: "There can be no question but that the copy was sufficiently proven to be correct." See also. *State v. Shank,* 79 Iowa, 47 (44 N. W. Rep. 241). The evidence as to the substitute offered in this case, is, in substance, this: Mr. Woodward, the county attorney, who filed this motion, testified that he came into office in January, 1895, and that he had never seen the original indictment, nor a copy thereof, nor consulted with the attorney who drew it as to its contents; that he got the minutes of the evidence taken by the grand jury, from the clerk, and, after examining them, returned them to the clerk, and thereafter drew the proposed substitute. He says: "As to the statement of facts and all material allegations, I understand it to be the same case as the original indictment." That it is the same case there can be no doubt, but it is probable that Mr. Woodward intends to be understood as saying that he understands it to be the same charge as in the original indictment. Mr. Dayton, who drew the indictment in September, 1893, testifies, in substance, as follows: That he thinks the proposed substitute contains

substantially all the allegations that were alleged in the indictment he drew, and that the indorsements are substantially the same, but cannot say that it is a true copy. He says the substitute "is more voluminous than the original. There are allegations here that were not in the original, but I am not able to state just what they are, all of them. I think there are some descriptions as to instruments used that were not in the original, so far as describing the handle of the knife, and the caliber of the revolver; I think they were not in the original. I think the original did not speak of the number of blades the knife contained, and I think this does; and my impression is that the original did not contain these words, 'And of their malice aforethought,' but I will not be positive." In *State v. Rivers, supra,* this court held that, in case the indictment is lost or destroyed, an exact copy may be substituted, but it has never decided whether a substantial copy may be substituted. The evidence introduced in support of this motion fails to show with that certainty that should be required in such a case that this proposed substitute is even a substantial copy of the indictment for which it is asked to be substituted. Entertaining this view, and having no argument from appellees, we do not determine whether a substantial copy may be substituted. We think the motion was properly overruled.—AFFIRMED.