## Iver Peterson v. State of Nebraska.

### Filed June 4, 1902. No. 12,560.

1. **Keeping Intoxicating Liquor for Purpose of Sale:** Information: Description of Place or Structure: Search Warrant. An information charging one with keeping and having in his possession intoxicating liquors with the intention and for the purpose of selling the same without having a license or permit therefor, is not fatally defective because it fails to describe the place or structure where the alleged liquors are kept with that degree of certainty and particularity required before a search warrant is authorized to issue under the provisions of section 20, chapter 50, Compiled Statutes, regulating the sale of intoxicating liquors.

2. **Information:** Words of Statute: Demurrer. An information which charges in the language of the statute, or in words equivalent thereto, the commission of an offense as therein denounced, is sufficient, and such information is invulnerable to a demurrer.

3. ———: Keeping Liquor: License. Where an information charges the commission of the offense of keeping in one's possession intoxicating liquors with the intention and for the purpose of selling the same without having a license or permit therefor, alleging therein the time and the town, county, and state in which the offense is charged to have been committed, it is proper to charge the jury that the time and place as alleged in the information must be found from the evidence in order to warrant a conviction, the word "place" having reference to the town and county, and not to the particular building in which such liquors may have been kept.

4. **Prosecution for Unlawfully Keeping Liquor:** Presumptive Evidence. In a prosecution under section 20, chapter 50, Compiled Statutes, for keeping intoxicating liquors for sale in violation of law, the possession of such liquors by the accused is presumptive evidence of guilt in the district court, as well as before the examining magistrate, unless the accused "shall satisfactorily account for and explain the possession thereof, and that it was* [they were] not kept for an unlawful purpose." *Durfee v. State*, 53 Nebr., 214.

5. **Instruction.** Instruction requested by the defendant and modified by the court before being given, *held* properly modified.

6. **Evidence.** Evidence examined, and *held* sufficient to support a verdict of guilty as returned by the jury.

7. **Misdemeanor:** At Liberty on Bail: Presence at Verdict: Waiver. Where a defendant, charged with a misdemeanor, is at liberty, on bail or otherwise, while his case is being tried,

---

*This syntactical error occurs in the statute.—W. F. B.

and voluntarily absents himself from the court room at the time the jury returns its verdict, his counsel being present, and no objection being made to such absence defendant will be held to have waived his right to be present at such time, and the reception of such verdict by the court in the absence of the defendant under such circumstances, is without error.

8. **Other Errors.** Other alleged errors examined, and found not well taken.

ERROR from the district court for Kearney county. Tried below before ADAMS, J. *Affirmed.*

*J. L. McPheely,* for plaintiff in error.

*Frank N. Prout, Attorney General, Norris Brown* and *M. D. King,* for the state.

HOLCOMB, J.

Plaintiff in error, defendant below, was informed against, and by a jury found guilty of unlawfully keeping and having in his possession intoxicating liquors with the intention and for the purpose of selling and disposing of the same without having a license or permit to sell such liquors, contrary to the provisions of chapter 50 of the Compiled Statutes. A motion for a new trial having been overruled, a sentence imposing a fine of $100 was duly imposed by the trial court, to secure a reversal of which the defendant prosecutes error proceeding in this court.

The information contains several counts, and a demurrer was interposed to each and every one of them. It is now assigned as error and argued by counsel that the count on which the defendant was found guilty and sentenced to pay a fine was insufficient in its allegations to sustain a conviction, because the facts stated therein do not constitute an offense punishable by the laws of this state, and therefore the court erred in overruling the demurrer. The fault of the count demurred to, it is claimed, lies in the fact that the place where the intoxicating liquors were alleged to have been kept for the purpose of sale was not alleged with sufficient certainty and particularity. It is charged only in the information that the accused, within

the corporated limits of the city of Minden, Kearney
county, Nebraska, did then and there unlawfully keep for
the purpose of sale, etc., the liquor mentioned.   It is con-
tended that the information is defective because not de-
scribing the place, building or structure in which it is
claimed the intoxicating liquor was kept.   Section 20,
chapter 50, Compiled Statutes, under the provisions of
which the prosecution is had, declares it shall be unlawful
for any person to keep for the purpose of sale without
license any malt, spiritous or vinous liquors in the state
of Nebraska; and any person who shall be found in pos-
session of any intoxicating liquors with the intention of
disposing of the same without a license shall be deemed
guilty of a misdemeanor, and on conviction shall be fined
or imprisoned as provided by section 11.   It is then pro-
vided that, if any credible freeholder shall make complaint
and information in writing and on oath before any proper
magistrate that he has reason to believe, and does believe,
that liquor is kept contrary to the provisions of the section
at any particular place, describing it as nearly as may be,
a search warrant shall issue for a search of the premises
described for the liquors so alleged to be kept contrary to
law; provision also being made for the manner of executing
the search warrant. 'It is also provided in the same sec-
tion that the possession of such liquors shall be presump-
tive evidence of violation of said section unless after exam-
ination the accused shall satisfactorily account for and
explain such possession, and that the liquor was not kept
for an unlawful purpose.   It will be observed that the in-
formation charges every essential fact necessary to con-
stitute the offense as declared in the section referred to,
but does not contain necessary allegations warranting the
issuance of a search warrant.   Doubtless, before a war-
rant may properly issue authorizing the search of premises
for liquor alleged to be kept in violation of the chapter,
a complaint must be filed as therein provided for, contain-
ing all that is essential to constitute the offense declared
by the section, and also describing with such particularity

as the surrounding circumstances will permit the place or building where the liquors are alleged to be kept in violation of law. We observe, however, no good reason for adopting the view contended for to the effect that an information states no offense because it does not contain allegations of fact essential to authorize the issuance of a search warrant. The latter provisions of the section afford only a means for the search for and seizing liquors kept in violation of law, and, when such liquors are found in the possession of one not authorized to sell, that fact, when proved, presumptively establishes the guilt of the person in whose possession found of violating the provisions of the act. There is no valid reason why a person may not be put upon trial for violating the section, and by other competent proof, without resort to the special proceeding authorized by means of the issuance of a search warrant, be found guilty; and, if not required to be proved, then the allegation is not required in order to state an offense of the character therein denounced. The offense is committed by the keeping for the purpose of sale any of the liquors mentioned, and may be proved by any competent evidence. The section, we think, serves a dual purpose, one declaring what the offense shall consist of, and the other providing the means of searching for and seizing liquors kept contrary to the provisions of the act. The right to a search warrant is in no instance authorized until a showing on oath of probable cause and a particular description is given of the place or premises to be searched and the thing to be seized. Constitution, art. 1, sec. 7. We are of the opinion that the information charges all that is essential to the statement of an offense as defined by statute, and, being charged in the language of the statute or its equivalent it must be held invulnerable to a demurrer. *Whitman v. State,* 17 Nebr., 224; *Hodgkins v. State,* 36 Nebr., 160.

An exception is taken to an instruction given the jury wherein both time and place as alleged in the information were spoken of as necessary to be found from the evidence.

The criticism offered to the instruction is that no place was alleged in the information as designating where the liquors were kept. What we have before said applies to this instruction. The place spoken of in the instruction was not the particular building where the liquor may have been kept, but the town, county and state as charged in the information.

An exception is taken to an instruction which is substantially the same as given by the trial court and approved by this court on error in the case of *Durfee v. State,* 53 Nebr., 214, and on the authority of that case, we must hold the exception not well taken. It is contended, however, that while the instruction may be good where there is proof of a search warrant and the finding of liquors in the possession of the accused thereunder, that it is erroneous to so instruct the jury where there is no proof of a search being made and liquor found in the possession of the party complained against. We think this too narrow a construction of the provisions of the statute. It is provided that the possession of intoxicating liquors without a license or permit to sell the same is presumptive evidence of the violation of the act; that is, of keeping liquors with the intention and for the purpose of sale without having a license or druggist's permit authorizing the making of such sales. It can hardly be contended that a prosecution would fail simply because no liquors were found under a search warrant if issued. The unlawful possession may be proved by other competent evidence, and when. the fact of possession is established either by means of the search warrant or otherwise, then the presumption arises that it is kept for the purpose of sale, unless such possession is satisfactorily explained and accounted for. The evidence in the case at bar is ample to show that the accused was in possession of intoxicating liquors as charged in the count on which he was found guilty, and at the time alleged in the information. In fact, as we understand the record, he, by his own evidence, admits being in possession of intoxicating liquors of the kind charged, and defends on

the ground that he was the agent or servant of a social club or organization which owned the liquors, and dispensed them only to its own members. The instruction was proper, regardless of the question of whether the liquors were found in the possession of the accused under a search warrant issued in pursuance of the provisions of the latter part of section 20. If the jury might find from any proper evidence before them that the liquors mentioned were in the accused's possession, and that he had no authority to sell and dispose of the same, then the instruction became pertinent to the case as made by the evidence.

Another instruction given at the request of the defendant and modified by the court, is excepted to because of the modification. The modification was with reference to the presumption arising from the fact of possession of intoxicating liquors without having a license to sell, unaccounted for and unexplained, was consistent with the other instructions on the same point and was, we think, properly made.

The question of sufficiency of the evidence to sustain the verdict is presented, but we have already stated that we regard the evidence as sufficient to support a finding of guilty on the one count of the information which we have been discussing. The evidence of possession for the purpose of sale without a license is by defendant's own testimony placed beyond the pale of controversy.

A motion for a new trial was asked on the ground that the verdict of guilty was returned by the jury, received by the court, and the jury discharged in the absence of the defendant, who appears to have voluntarily absented himself from the court room at the time the jury returned their verdict. The motion for a new trial on the ground just spoken of, is supported by the affidavits of the defendant and his counsel, which disclose, in substance, that, while his attorney was present in court when the verdict of the jury was received, the defendant was away from the court room, attending to his affairs or on the street, and did not learn of the verdict until informed by one of the

discharged jurymen. The acceptance of the verdict and the discharge of the jury under the circumstances is assigned as error. The defendant, we think, must be held to have waived his personal presence at the time the verdict was returned. The case was one charging only a misdemeanor. The accused was present during the trial, and was evidently enjoying his liberty on bail. His right to be present was one which he might waive, and when he voluntarily absented himself, and no question was raised at the time, this fact must, we think, be taken as a waiver of his right to be present. His counsel was present, and, so far as the record discloses, no mention was made of the defendant's absence, and no objection offered because he was not personally present, and no request for a postponement of further proceedings until his personal presence could be secured. No prejudice as to any substantial right appears to have resulted, and surely, under such circumstances, he can not complain of his own deliberate action, and stop the trial of the cause until by some process he is again brought into the presence of the court. He could lawfully waive his right to be present at any stage of the proceedings in the prosecution against him, or, for that matter, during the entire trial; and it is clear that he did waive his right to be present when the verdict was returned. His absence may be attributed only to his own fault or negligence, if any there be. *Fight v. State*, 7 Ohio, 181; *Sahlinger v. People*, 102 Ill., 241; *Sturgeon v. Gray*, 96 Ind., 166; *State v. Kelly*, 97 N. Car., 404, 409; *Lynch v. Commonwealth*, 88 Pa. St., 189; *Robson v. State*, 83 Ga., 166, 171.

An examination of the entire record and consideration of all errors assigned and argued as grounds for reversal of the judgment, leads to the conclusion that the defendant has not been deprived of any substantial right in the prosecution of the information filed against him, and that the judgment should remain undisturbed.

The judgment is, accordingly,

AFFIRMED.

60

Note.—*Keeping for the Purpose of Unlawful Sale.—Common Law.— Statute.*—The keeping of liquor for the purpose of unlawful sale, is a statutory offense *sine cera.* Such an offense was unknown to the common law. Bishop, Statutory Crimes [3d ed.], 1054. The gist of the offense is the guilty intent, which does not of necessity include knowledge of the intoxicating quality of the liquor. *Commonwealth v. Goodman,* 97 Mass., 117. One who is authorized to sell liquor in a lawful manner—*e. g.,* licensed town-agent—may be guilty of this offense, if he has the intent to dispose of the liquors unlawfully. *State v. Connelly,* 63 Me., 212. If the statute omit the words "within the state," the law is violated by keeping the liquor with the intent to dispose of it unlawfully in *another* state.* *State v. Guinness,* 16 R. I., 401. The intent need not be to sell or dispose of the liquor from the building in which it was kept. *State v. Viers,* 82 Ia., 397. If the offender is punished for an unlawful sale, the previous unlawful keeping for the purpose of such sale is *not* merged in the sale; he can still be punished for it as a distinct offense. *Menken v. Atlanta,* 78 Ga., 668. For the same reason, a trial and conviction or acquittal can not be pleaded, *autrefois convict* or *autrefois acquit,* for the one offense against the other. *State v. Head,* 3 R. I., 135. The indictment is sufficient if it follows the statute substantially. *Commonwealth v. Gilland,* 9 Gray [Mass.], 3.

*Evidence.*—Possession and intent are the two essential facts to be proved. No actual sale is necessary to complete the offense. A case may be made out without proof of sale or of offer to sell. *State v. McGlynn,* 34 N. H., 422. The evidence of a sale is, however, admissible; and the intent may be presumed from the unlawful sale. *State v Sartori,* 55 Ia., 340; *Commonwealth v. Fitzgerald,* 14 Gray [Mass.], 14. The evidence of sale, admitted on a trial for the selling, is admissible on a subsequent trial for the unlawful keeping. *State v. Head,* 3 R. I., 135. The unexplained possession of liquors under suspicious circumstances, is sufficient to sustain a verdict of guilty. *Commonwealth v. Gallagher,* 124 Mass., 29; *Commonwealth v. Levy,* 126 Mass., 240. Such evidence is competent. *Commonwealth v. Tenney,* 148 Mass., 452; *Commonwealth v. Purtle,* 11 Gray [Mass.], 78. Upon the question of intent, the fact that the defendant kept a saloon shortly before and shortly after the act complained of is admissible. *Commonwealth v. Matthews,* 129 Mass., 487. Where a person has a lawful permit to sell liquor for a certain purpose—*e. g.,* a druggist—the jury may take into account the amount of liquor he has on hand. *State v. Shank,* 74 Ia., 649. Evidence tending to show that the defendant kept ale for sale in his house at a certain time, is competent as to whether spirituous liquors kept there at the same time were kept for sale. *State v. Gorman,* 58 N. H., 77. The condition of the place where the liquor is alleged to be kept, as to appointments and fixtures, is competent evidence. *Commonwealth v. Powers,* 123 Mass., 244. Also

evidence that the defendant's place was one of common resort; that intoxicated persons were seen to come from there; that, at the time of the search, there were signs of recent drinking; and that defendant, a short time before—within a month—was laying in a stock of liquors. *Commonwealth v. Mead*, 140 Mass., 300; *Commonwealth v. Leighton*, 140 Mass., 305. The defendant can not be convicted upon common rumor or reputation. *Cobleigh v. McBride*, 45 Ia., 116. Now, in *State v. Burrill*, 29 Wis., 435; *State v. McDowell*, Dudley, Law [S. C.], 346; *Territory v. Chartrand*, 1 Dak., 379, and in *Drake v. State*, 14 Nebr., 535, it is held that, in the trial upon an indictment for keeping a house of prostitution, the reputation of the place could be shown. Some of the decisions, *supra*, hold the proof of the reputation sufficient to convict. *Quære:* Why one rule in regard to a tippling shop and another in regard to a bawdy house?

*Proof of One Offense in the Trial for Another.*—It will be seen, by authorities cited in this note, that it is competent to prove the sale of liquor in the trial of an indictment for keeping liquor with the intent to sell. It is a familiar rule that it is frequently competent to introduce evidence of one offense in the trial for another, in order to show, (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related that the proof of one tends to prove the other, (5) the identity of the person charged with the commission of the crime on trial, (6) guilty knowledge. A learned discussion of this subject may be found in both the argument of counsel and the opinion of the court in *People v. Molineux*, 168 N. Y., 264, in the 2d, 3d, 4th, 5th, 6th and 7th paragraphs of the syllabus—pp. 267 and 270, for argument of counsel, pages 293 *et seq.*, for opinion of court.

*Quære.*—The crime of being an accessory before the fact to the crime of murder in the first degree merges in the fact of becoming a principal. *Buzzell v. State*, 59 N. H., 65, 68. Why does not the crime of keeping liquor for unlawful sale merge in the subsequent crime of making the sale? Is there a difference of principle between the two cases?—REPORTER.