COMMONWEALTH *vs.* ANGELO SPEZZARO.

Middlesex.     November 19, 1924. — January 8, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Accessory. Evidence,* Admissions by conduct, Presumptions and burden of proof.

At the trial of an indictment charging a defendant under G. L. c. 274, § 4, with being an accessory after the fact to the larceny of certain goods, evidence is admissible tending to show that the defendant, who was present near the scene of the crime under suspicious circumstances, made false statements to a police officer upon matters material to the proof of his guilt.

At the trial of the indictment above described, there was evidence tending to show that the defendant's principal procured the goods in Cambridge and between two and three o'clock in the morning on a night when it had been raining, brought them in a motor vehicle to an address in Boston, where neither he nor the defendant resided, and was unloading them there when police officers arrived; that the officers found the defendant standing beside another motor vehicle on the other side of the street; that he falsely stated to the officers that he did not know the principal, did not know who owned the car the principal was using, and that he gave a false reason for his presence on the street; that when shown a bill of sale to himself and the principal of the car used in the larceny, he admitted that it was owned by both of them; and that he had seen the principal the evening before. *Held,* that a verdict of guilty was warranted.

INDICTMENT, found and returned on September 11, 1923, charging one Joseph DelGrosso with the larceny of fifty-two rolls of cloth and that the defendant "well knowing the said DelGrosso to have committed the felony and burglary in manner and form aforesaid, the said Spezzaro did knowingly harbor, conceal, maintain and assist, with intent that said DelGrosso should avoid and escape detention, arrest, trial and punishment, the said Spezzaro not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity, affinity, or adoption to the said DelGrosso, whereby the said Spezzaro was an accessory after the fact to the felony and burglary aforesaid."

In the Superior Court, before *Sisk*, J., the defendant was tried jointly with DelGrosso. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict of not guilty be ordered. The motion was denied. Both DelGrosso and the defendant were convicted. A motion by the defendant for a new trial was denied. The defendant alleged exceptions.

*H. E. Perkins*, for the defendant.

*A. K. Reading*, District Attorney, & *R. T. Bushnell*, Assistant District Attorney, for the Commonwealth, submitted a brief.

CARROLL, J. The defendant was charged with being an accessory after the fact to breaking and entering and the larceny of fifty-two rolls of cloth. He was tried jointly with one DelGrosso, who was convicted as principal.

There was evidence that the shop of one Max Doctoroff, in Cambridge, was broken into and fifty-eight rolls of cloth taken away between the hours of two and thirty minutes after two on the morning of July 28, 1923; that about forty or forty-five minutes after two o'clock on the same morning, a Packard automobile driven by DelGrosso and containing another man was seen by police officers in Merrimac Square, Boston, approaching from Cambridge and moving at the rate of thirty to thirty-five miles an hour; that the officers failed to stop the car, but followed it and in about four or five minutes came upon it in front of 124 Prince Street; that two rolls of the cloth were found in the stairway at number 124 Prince Street, ten rolls just inside the door, and three rolls at the top of the cellar stairs; that the Packard car was " filled from the floor up to about the door or a little past "; that DelGrosso, when the officers appeared, was in the doorway of the Prince Street premises, " without hat or coat "; and that he ran into the building and was finally captured.

There was evidence that, when the Packard car was found on Prince Street, the defendant was standing near a Dort touring car, directly across the street from number 124 Prince Street; that he was asked who owned the Packard car, and he said he did not know, and also stated that he did not know

who were the occupants of the car; that when DelGrosso was arrested, he admitted in the defendant's presence that he knew him, and the police officer then said to the defendant "I thought you did not know this fellow," to which he answered, "Don't give me a cheap argument"; that the defendant also denied knowledge of the ownership of the Packard automobile, or where it came from, but subsequently said it belonged to DelGrosso, and when shown the bill of sale for it to himself and DelGrosso as vendees, admitted that it was owned by both of them. There was evidence that the defendant said to one of the police officers that he had not seen DelGrosso "at any time that night." There was also evidence that, at one time, the defendant admitted he had seen DelGrosso on Charter Street "about six o'clock that night and . . . didn't meet him after that until after the officers came to Prince Street"; that the Dort car belonged to a friend of his, that he sat down in it and fell asleep, and when the Packard automobile stopped, he left the Dort car; that he "believed there were two other men beside DelGrosso. Just then the police came along and they ran away."

There was evidence that "it was a nasty night and it had been raining"; that the Dort car was an open car; that the defendant and DelGrosso had often been seen together. There was no evidence that either the defendant or Del-Grosso lived at 124 Prince Street. The defendant testified that he sat down in the Dort car because he thought the Packard car would pass through Prince Street on its way to the garage, about one hundred and fifty feet distant from where the Dort car stood; that he fell asleep; that he had not been in Cambridge that night and had no part in the transaction. "He had nothing to do with the loading or unloading of that car or driving it into Boston and had no connection with it whatsoever." On cross-examination he stated that he saw DelGrosso between seven and eight o'clock in front of his (the defendant's) house when Del-Grosso left in the Packard machine. He denied that he saw DelGrosso at six o'clock. He testified that the Packard car was kept in the "open air garage." There was also testi-

mony from another witness that the defendant was seen asleep in the Dort car about two o'clock.

The defendant's request for a directed verdict and his motion that a verdict of guilty be set aside, were denied, to which rulings the defendant excepted. G. L. c. 274, § 4, provides, "Whoever . . . after the commission of a felony, harbors, conceals, maintains or assists the principal felon . . . or gives such offender any other aïd, knowing that he has committed a felony . . . with intent that he shall avoid or escape detention, arrest, trial or punishment, shall be an accessory after the fact."

There was evidence showing the commission of a felony by DelGrosso. He was seen by the police officers in the early morning, driving an automobile at a high rate of speed, in company with another man. A few moments afterward he was found without hat or coat; some of the stolen goods had been taken into the house, the remainder were in the automobile he had been driving, and across the street the defendant Spezzaro was found standing near another automobile. He had been frequently seen in the company of DelGrosso; he was with him the night preceding his arrest. They jointly owned the Packard automobile. The defendant contended that two men were with DelGrosso. He denied that he knew DelGrosso, that he knew any one who was in the Packard automobile, or knew who owned it. If these statements, made by the defendant at the time of his arrest, were intentionally false, they tended to show his guilt. The weight of this evidence was for the jury. But evidence of this kind is an admission from which guilt may be inferred. *Commonwealth* v. *Devaney*, 182 Mass. 33, 36. *Commonwealth* v. *Bond*, 188 Mass. 91, 93, 94. *Commonwealth* v. *Hartford*, 193 Mass. 464, 469.

Many of the assertions made by the defendant the jury could have found were intentionally false and misleading. On the evidence, in connection with the fact that the jury could refuse to believe the explanation given by the defendant as a reason for his being at this particular place, at this early hour of the morning, in the presence of his companion, with a large part of the stolen property in their automobile,

it could have been found that the defendant had knowledge that the felony was committed by DelGrosso, and that the defendant was in this place, expecting the arrival of the Packard car, and was aiding and assisting the principal to avoid detention and arrest. The request for a directed verdict and motion to set aside the verdict were denied properly.

*Exceptions overruled.*