STATE OF CONNECTICUT *v.* WILLIE MAE MITCHELL

REVIEW DIVISION OF THE SUPERIOR COURT

Decided February 28, 1962

*Vincent Villano,* of New Haven, for the defendant.

*Arthur T. Gorman,* state's attorney, for the state.

BY THE DIVISION. The defendant, age thirty-five, pleaded guilty to a charge of manslaughter and was sentenced to the state prison for women for not less than six nor more than twelve years. The penalty provided for this offense is imprisonment for not more than fifteen years.

On the afternoon of September 3, 1961, the defendant and her husband attended a wedding reception and consumed a considerable amount of liquor. Thereafter, the two went to a restaurant, where they joined another couple and continued to consume more alcoholic beverages until closing time. After the two couples left the restaurant, they went to the apartment of the defendant and her husband, over the objections of the defendant. At the apartment of the defendant and her husband, the two couples consumed additional beverages, and at about 1:30 a.m. on September 4, 1961, the defendant asked the other couple to leave the apartment. When the other couple left the apartment, the defendant slammed the door after them. The defendant's hus-

band took offense at the action of the defendant in slamming the door and struck her with his fist. The defendant then stabbed her husband with a pearl-handled steak knife which she carried in her purse. The defendant's husband died as the result of the stabbing. Shortly thereafter, the defendant, through a local shopkeeper, summoned the police.

In her application for a review of the sentence imposed upon her, the defendant urges the fact that considerable drinking had taken place immediately preceding the stabbing. It is to be noted, however, that the knife with which the defendant stabbed her husband was one which she carried with her in her purse, and no satisfactory reason has been advanced for so doing.

Upon a full consideration of the facts here involved, it is concluded that the sentence imposed upon the defendant is fair and just and must stand.

Covello, Healey and MacDonald, Js., participated in this decision.