MATTER OF SANCHEZ-MARIN ET AL.

In Exclusion Proceedings

A–12807440
A–13350491
A–13350492

*Decided by Board August 3, 1965*

(1) Where an alien indicted for murder, second degree (Massachusetts), pleaded guilty to the lesser offense of manslaughter, it is reasonable to conclude from his plea of guilty that the homicide committed by him was voluntary; therefore, it is a crime involving moral turpitude even though under the Massachusetts statute no distinction is made between voluntary and involuntary manslaughter.

(2) An alien convicted under the Massachusetts statutes of accessory to manslaughter after the fact has been convicted of a crime involving moral turpitude where the principal was found guilty of voluntary manslaughter, a crime involving moral turpitude.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of a crime involving moral turpitude, to wit: manslaughter (first and second aliens).

Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crime involving moral turpitude, to wit: accessory after fact, manslaughter (third alien).

Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no visa (all three aliens).

The records relate to a group of male natives and citizens of Cuba, the first being 22 years old and single, the second 26 years old and married, the third 22 years old and single. They were paroled into the United States under the provisions of section 212(d)(5) of the Immigration and Nationality Act on January 10, 1963, January 23, 1964, and January 23, 1964, respectively. Their parole was cancelled administratively on February 4, 1965, and they were referred to a special inquiry officer for a hearing in exclusion proceedings. The applicants entered the United States for the purpose of remaining indefinitely because they did not like the Castro regime in Cuba. They have never applied for or received an immigrant visa for

permanent residence in the United States and were never previously in this country. They are excludable under section 212(a)(20) of the Immigration and Nationality Act as immigrants who at the time of application for admission were not in possession of valid unexpired immigrant visas, reentry permits, border crossing identification cards or other valid entry documents required by the Act.

On June 5, 1964, in the Superior Court for the County of Suffolk at Boston the applicants Raul Sanchez-Marin and Nemesio Mesa-Rodriguez were indicted of assaulting and beating one Merrill K. Hussey, with intent to murder him and by such assault and beating did kill and murder the said person, committed May 22, 1964, constituting the crime of murder in the second degree. On November 9, 1964, these applicants pleaded guilty to so much of the indictment as charged manslaughter. Marin was sentenced to the Massachusetts Correctional Institution for not more than 15 years and not less than 12 years and Rodriguez was sentenced to the same institution for not more than 12 years and not less than 10 years. The other applicant, Roberto Rameriz-Gonzalez, was indicted on June 5, 1964, on the charge that well knowing the other two aliens had committed murder in the second degree, did harbor, conceal, maintain and assist the other two aliens with intent that the said aliens should avoid and escape detention, arrest, trial, and punishment. On November 9, 1964, he pleaded guilty to accessory after fact to manslaughter and was sentenced to the Massachusetts Correctional Institution for not more than 5 years and not less than 3 years.

Chapter 265, section 1, Annotated Laws of Massachusetts defines murder as murder committed with deliberately premeditated malice aforethought, or with extreme atrocity or cruelty, or in the commission or attempted commission of a crime punishable with death or imprisonment for life is murder in the first degree. Murder which does not appear to be in the first degree is murder in the second degree. The legislature of Massachusetts manifestly considers murder as one kind or species of crime, the punishment of which may be more or less severe according to certain aggravating circumstances which may appear on the trial.[1] Second degree murder has been defined as an unlawful killing with malice aforethought, and malice, as used in this definition, includes every unlawful and unjustifiable motive and it may be implied from any deliberate or cruel act against another.[2]

Chapter 265, section 13, Annotated Laws of Massachusetts provides that whoever commits manslaughter shall be punished by im-

[1] *Commonwealth* v. *DiStasio*, 298 Mass. 562. 11 N.E.2d 799.
[2] *Commonwealth* v. *Boyajian*, 344 Mass. 44, 181 N.E.2d 577.

prisonment in the state prison for not more than 20 years or by a fine of not more than $1,000 and imprisonment in jail for not more than two and one-half years. The crime of manslaughter imports the taking of human life by an act not justified in law, but without malice aforethought which is necessary to constitute murder. There is a difference between the intent to kill and intent to murder; and the former may exist when one intends only such a killing as amounts to manslaughter. A defendant charged in an indictment with an assault to commit murder may be found guilty of so much of the indictment as charges an assault with intent to kill.[3] · On the trial of an indictment for manslaughter ensuing from a blow which the defendant seeks to justify on the ground of self-defence, evidence of the manner and character of the blow is competent upon that ground of justification; though incompetent upon the question of his implied intent to kill by the blow.[4]

The only question in the case arises out of the fact that under the Massachusetts statute, manslaughter is not divided into voluntary and involuntary manslaughter. Voluntary manslaughter has generally been held to involve moral turpitude while involuntary manslaughter has not. However, the Attorney General, in construing a similar statute in the State of Ohio held that the indictments for murder in the second degree clearly charged the alien with two voluntary killings and by his pleas of guilty to manslaughter, the alien admitted these killings. In the absence of other evidence in the record of conviction, under the Ohio statute it is reasonable to conclude that the homicides committed by the aliens were voluntary and consequently the crimes involve moral turpitude.[5]

In the instant case, the indictments of the first two named aliens clearly charge them with a voluntary killing and by their pleas of guilty the applicants admitted the killing. It is reasonable to conclude upon the record of conviction that the homicide committed by the aliens was voluntary and consequently this crime involves moral turpitude. The first charge in the caption relating to conviction of a crime involving moral turpitude, to, wit, manslaughter, is sustained.

The third alien, Robert Ramirez-Gonzalez, was convicted upon his plea of guilty of accessory after the fact to manslaughter. The indictment links him to the crime committed by the other two

---

[3] *Commonwealth* v. *Demboski*, 283 Mass. 315, 186 N.E. 589.

[4] *Commonwealth* v. *Woodward*, 102 Mass. 155.

[5] *Matter of S—*, 2 I. & N. Dec. 559, at p. 570 (Atty. Gen. 1947); *Matter of D—*, 3 I. & N. Dec. 51; *Matter of J—*, 2 I. & N. Dec. 477. Compare *Matter of. B—*, 4 I. & N. Dec. 493. at p. 497.

aliens. Chapter 274, section 4 of the Annotated Laws of Massachusetts states that whoever, after the commission of a felony, harbors, conceals, maintains or assists the principal felon or accessory before the fact, or gives such offender any other aid, knowing that he has committed a felony or has been accessory thereto before the fact, with intent that he shall avoid or escape detention, arrest, trial or punishment, shall be an accessory after the fact, and, except as otherwise provided, be punished by imprisonment in the state prison for not more than 7 years or in jail for not more than two and one-half years or by a fine of not more than $1,000. * * *. Chapter 274, section 1, Annotated Laws of Massachusetts provides that a crime punishable by death or imprisonment in the state prison is a felony. All other crimes are misdemeanors. Manslaughter has been held to be a felony.[6]

Chapter 274, section 5 of the Annotated Laws of Massachusetts provides that an accessory to a felony after the fact may be indicted, convicted, and punished, whether the principal felon has or has not been previously convicted, or is or is not amenable to justice, either in the county where he became an accessory or in the county where the principal felon was convicted. In a prosecution for being an accessory after the fact to a felony, proof of commission by the principal of the felony charged was essential to the commonwealth's case.[7] The felony charged as the voluntary manslaughter of which the principals were found guilty and which was a crime involving moral turpitude. It is concluded that the applicant, Ramirez-Gonzalez, is also subject to deportation because of conviction of a crime involving moral turpitude, to wit, accessory after the fact to manslaughter.

The applicants have no family ties in this country. Such ties as they do possess are in Cuba. Their parole under the provisions of section 212(d)(5) of the Immigration and Nationality Act has been revoked and they are found to be excludable. Under such circumstances, the applicants are not eligible for withholding pursuant to section 243(h) of the Immigration and Nationality Act.[8] The appeals will be dismissed.

ORDER: It is ordered that the appeals be and the same are hereby dismissed.

---

[6] *Minasian v. Aetna Life Insurance Co.*, 295 Mass. 1, 3 N.E.2d 17.

[7] *Commonwealth v. Tilley*, 327 Mass. 540, 99 N.E. 2d 749; *Commonwealth v. Spezzaro*, 250 Mass. 454, 146 N.E. 3; *Commonwealth v. Wood*, 302 Mass. 265, 19 N.E.2d 320.

[8] *Leng May Ma v. Barber*, 357 U.S. 185.