MATTER OF PTASI

In Deportation Proceedings

A-14778342

*Decided by Board July 10, 1968*

Conviction of manslaughter (by stabbing) in violation of section 53–13, Connecticut General Statutes, is conviction of a crime involving moral turpitude.

CHARGES:

Order: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Crime involving moral turpitude committed within five years after entry—sentenced to a year or more.

Lodged: Act of 1952—Section 241(a)(4) [8 U.S.C. 1251(a)(4)]—Two crimes after entry.

ON BEHALF OF RESPONDENT:
Francis H. Craighill, III, Esq.
Brawner Building
Washington, D.C. 20006

Courtney B. Bourns, Esquire
1 Constitution Plaza
Hartford, Connecticut 06103
(Brief filed)

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The case comes forward on appeal from the order of the special inquiry officer dated November 20, 1967 ordering that respondent be deported to Italy solely on the lodged charge.

The respondent, a native and citizen of Italy, male, last entered the United States on or about March 27, 1916. He was convicted in the Town Court of Greenwich, Connecticut on July 15, 1946, of assault with a dangerous weapon. He was next convicted on March 10, 1967, in the Superior Court, County of Fairfield, Bridgeport, Connecticut, of manslaughter in violation of section 53–13, of the Connecticut General Statutes and was sentenced to two to five years imprisonment.

The respondent has admitted all the factual allegations in the order to show cause and has identified the records of his convictions. However, it is contended that the crimes do not involve moral turpitude.

In *Matter of O—*, 3 I. & N. Dec. 193, the respondent was charged with assault with a dangerous and deadly weapon (not named) and was convicted of aggravated assault in violation of section 6195 of the General Statutes of Connecticut. We observed that the offense was inherently base, and this was so because an assault aggravated by the use of a dangerous or deadly weapon is contrary to accepted standard of morality in a civilized society; that an assault by use of a dangerous or deadly weapon always constituted conduct contrary to acceptable human behavior. Such conduct may be looked upon as always having been inherently base. We concluded that the offense of assault with a deadly or dangerous weapon (not named) in violation of section 6195 of the General Statutes of Connecticut, involved moral turpitude. The statute under which the respondent in the cited case was convicted is the same statute under which the respondent in a present case was convicted. Upon the authority of *Matter of O—, supra*, we hold that the crime involves moral turpitude.

In the second crime the respondent was convicted of manslaughter in violation of section 53-13 of the Connecticut General Statutes. Section 53-13 states that any person who commits manslaughter shall be fined not more than $1,000 or imprisoned not more than 15 years or both.

In *State v. Feltevic*, 110 Conn. 303, 309, the court stated that the law implies malice where the unlawful killing is with a deadly weapon. In *Connecticut v. Samson*, 22 Conn. Sup. 175, the defendant was convicted of manslaughter and sentenced 12 to 15 years. The court observed that the crime was most brutal in nature, although under the circumstances, permitting a plea of manslaughter was justified. In *Connecticut v. Paulk*, 22 Conn. Sup. 494, the defendant was found guilty of manslaughter in violation of General Statutes, sec. 53-13, and was sentenced to seven to fifteen years; the defendant in that case admitted that the gun exploded in his hand and the court held that the sentence was proper. In *Connecticut v. Bennett*, 22 Conn. Sup. 498, the defendant pleaded guilty to manslaughter and was sentenced to eight to ten years; the killing was with a screw driver, and the accused persisted until his efforts were fatal; the court held that the sentence was fair. In *State v. MacMitchell*, 23 Conn. Sup. 246, the defendant pleaded guilty to manslaughter and was sentenced six to twelve years; the homicide was committed with a knife with which the defendant stabbed her husband in which she carried in her purse and could not satisfactorily explain; the sentence was affirmed.

It would be somewhat anomalous to hold that an assault with a deadly or dangerous weapon which does not result in a homicide but which we have held to involve moral turpitude because the conduct

791

is inherently base, yet to hold that the same assault with a dangerous weapon, in this case, stabbing, which resulted in a homicide, did not involve moral turpitude. In the case of *Pillisz v. Smith* 46 F.2d 769 (7th Cir., 1931), the alien was convicted of manslaughter in Hungary as a result of an attack with a knife. In Hungary, degrees of manslaughter are not recognized. Nevertheless, the court held that it was difficult to conceive of a greater degree of manslaughter than that for which the alien was convicted.

In the instant case it is apparent that the manslaughter by stabbing of which respondent was convicted was voluntary manslaughter which has consistently been held to involve moral turpitude.[1]

There is no contention that the crimes arose out of a single scheme of criminal misconduct. The respondent is single and his only close relative in the United States is his brother who is a citizen. Despite the fact that the respondent has been a resident of the United States for over 50 years, no relief appears available upon the present record. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] *Matter of Sanchez-Marin*, 11 I. & N. Dec. 264.